FILED

2004 MAR 18 P 12: 05

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD B. MALLETT                                         CIVIL ACTION NO.
    PLAINTIFF,                                         3:01CV1137 (AHN)

VS.

TOWN OF PLAINVILLE, et al.
    DEFENDANTS.                                        March 5, 2004

## AMENDED
## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** June 19, 2001, 3:01 CV 1137 (AHN)

**Date Complaint Served 3:01 CV 1137(ANH):** On or about June 25, 2001.

**Date of Defendants' Appearances 3:01 CV 1137(AHN):**

    Defendants Town of Plainville, John Bohenko, Robert Jackson, Shirley Osle, Robert Jahn, and Janet Marineau, by Attorney Dennis G. Ciccarillo on June 25, 2001.

    Defendants Donald Becker, James Kaine and Michael Conklin, by Attorney Michael Rose on July 26, 2001.

    Defendants Butch Paradis, Steven Clark, and AFSCME Local 1303-56, by Attorney J. William Gagne, Jr., on October 4, 2001.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on September 26, 2001 and the parties have circulated drafts of this report.

Participants were as follows:

    Attorney James S. Brewer for the Plaintiff.

    Attorney Dennis G. Ciccarillo for the Defendants Town of Plainville, John Bohenko, Robert Jackson, Shirley Osle, Robert Jahn, and Janet Marineau.

Attorney Michael Rose for the Defendants Donald Becker, James Kaine, and Michael Conklin

### I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

### II.  JURISDICTION

#### A.  Subject Matter Jurisdiction

This court's jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, § 1343, § 1657, §2201 and § 2202; and the aforementioned constitutional provisions. Plaintiff further invokes Title 28 U.S.C. § 1367, the pendent jurisdiction of this court to hear and decide claims arising under state law. The amount in controversy exceeds Fifteen Thousand Dollars *($15,000.00)*, excluding interests and costs.

#### B.  Personal Jurisdiction

The parties do not dispute that personal jurisdiction exists.

### III.  BRIEF DESCRIPTION OF THE CASE

This action is brought by plaintiff against defendants, who acting under color of state law, charter, ordinance, regulation, custom or usage, have unlawfully violated plaintiffs civil rights to free speech, due process, and equal protection in his employment, by intentionally discriminating and retaliating against plaintiff by harassing plaintiff without reason in

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP  •  ATTORNEYS AT LAW
136 WEST MAIN STREET  •  POST OFFICE BOX 2950  •  NEW BRITAIN, CT 06050-2950  •  (860) 229-4855  •  (860) 225-8403  •  JURIS NO. 37765
FAX: (860) 223-4026

violation of his civil rights.

### A.   Claims of Plaintiff:

The plaintiff, an employee of the Town of Plainville Water Pollution Control Department, ("WPC")alleges he was the target of retaliatory practices and harassment since shortly after he began working there in 1990.

Feeling that Town resources were being abused and misappropriated, the plaintiff reported these infractions to his superiors. He quickly became the target of harassment by his coworkers, who attacked him verbally and threatened him with physical violence. Following this harassment, plaintiff reported the accumulated incidents to his supervisors. His supervisors failed to control this harassment.

In 1992, plaintiff was diagnosed with having negative physical effects from the stress of work, including but not limited to nausea, sleeplessness, high blood pressure, and loss of the ability to concentrate. He was transferred to another department within the Town, but transferred back to the WPC in 1993. The harassment began anew. From October, 1993, to August 1995, plaintiff was subject to numerous threats and acts of intimidation and harassment directed by Becker and Kaine regarding his numerous filed grievances detailing misuse of town facilities at the WPC.

The harassment has continued to the present day. Most recently, a local resident has been critical of the practices of the WPC, taking it upon himself to investigate the WPC, and has come up with incriminating evidence about the WPC's alleged misuse of town resources. Despite a lack of foundation, employees of the WPC have assumed that the plaintiff was involved in aiding the resident, and have retaliated against him, complete with threats of physical violence, with the full knowledge of his superiors.

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP • ATTORNEYS AT LAW
136 WEST MAIN STREET • POST OFFICE BOX 2950 • NEW BRITAIN, CT 06050-2950 • (860) 229-4855 • (860) 225-8403 • JURIS NO. 37765
FAX: (860) 223-4026

The Town of Plainville is responsible and liable as an employer for the actions of the individual defendants toward the Plaintiff. The supervisors were aware of, or should have been aware of such conduct, and their own, toward plaintiff. With this knowledge, the Town of Plainville failed to take prompt and effective remedial action to prohibit the misconduct of its supervisors. The defendants' illegal activity has continued unabated to the present time. The defendants' actions promoted a hostile work environment for the plaintiff in violation of the aforementioned constitutional and statutory provisions and entitle the plaintiff to immediate injunctive relief pursuant to the aforementioned jurisdictional statutes and constitutional protection. The defendants and/or others, each and all of them, knew or should have known at all times that their acts or omissions, as alleged herein, would result in emotional distress to the Plaintiff. As a direct and proximate result of said acts or omissions, the Plaintiff has suffered emotional distress.

**B.     Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:**

The Defendants, Town of Plainville, John Bohenko, Robert Jackson, Shirley Osle, Robert Jahn, and Janet Marineau, deny that any of the Counts state a claim upon which relief may be granted, and have asserted, or will assert several affirmative defenses. Many of the specific claims of harassment are precluded both by a workers compensation stipulation and the relevant statutes of limitations. The Plaintiff has failed to exhaust contractual remedies as to certain of his claims, and has failed to exhaust administrative remedies as to claims within the jurisdiction of the Commission on Human Rights and Opportunities and/or the EEOC.

4

Many of the Counts cite statutes that are inapplicable to any of these Defendants. To the extent that the Defendants had any legal obligation to settle running personality conflicts and name-calling among employees, they exercised reasonable care to prevent and correct such behavior.

The Defendants Donald Becker, James Kaine and Michael Conklin assert many of the same defenses identified above.

The Defendants Butch Paradis, Steven Clark and AFSCME, Local 1303-56 assert some of the defenses identified above and deny any alleged breach of the duty of fair representation.

**IV.    STATEMENT OF UNDISPUTED FACTS:**

The parties have not yet stipulated to any facts.

**V.    CASE MANAGEMENT PLAN**

   **A.    Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

   **B.    Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   **C.    Early Settlement Conference**

   1.    The parties certify that they have considered the desirability of attempting to

5

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP   •   ATTORNEYS AT LAW
136 WEST MAIN STREET   •   POST OFFICE BOX 2950   •   NEW BRITAIN, CT 06050-2950   •   (860) 229-4855   •   (860) 225-8403   •   JURIS NO. 37765
FAX: (860) 223-4026

settle the case before undertaking significant discovery or motion practice. Settlement potential is unknown at this time.

2.   The parties do not request an early settlement conference at this time.

3.   The parties prefer a settlement conference with the presiding judge or a magistrate judge.

4.   The parties do not request a referral for alternative dispute resolution pursuant to Rule 36 of the Local Rules of Civil Procedure.

**D.   Joinder of Parties and Amendment of Pleadings**

1.   Plaintiff should be allowed until October 12, 2001 to file an amended complaint.

2.   Defendants should be allowed until November 1, 2001 to file motions to file an answer and affirmative defenses.

**E.   Discovery**

1.   The parties anticipate that discovery will be needed on the following subjects: The claims set forth in the complaint, depositions of the plaintiff and named defendants, and possibly other fact and expert witnesses, support for plaintiff's charges and the personnel records of the defendants.

2.   All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and conclude by July 30, 2004.

3.   The parties believe that discovery should proceed without phases.

4.   The parties anticipate that the Plaintiff will require a total of the remaining depositions of fact witnesses, and that the Defendants will require a total of 5 depositions of

6

fact witnesses. . The remaining depositions will commence on or after March 15, 2004, and conclude by July 30, 2004.

5. The parties will not request permission to serve more than 25 interrogatories.

6. Plaintiff does not know at this time if he will call expert witnesses at trial. If he does, plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 30, 2004. Depositions of such experts are to be completed by July 30, 2004.

7. Defendants do not know at this time if they will call expert witnesses at trial. If they do, Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 31, 2004. Depositions of such experts are to be completed by July 30, 2004.

8. A damages analysis will be provided by any party who has a claim or counterclaims for damages by April 30, 2004.

**F.    Dispositive Motions**

Dispositive motions will be filed on or before September 30, 2004.

**G.    Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within forty-five (45) days after the court's final ruling on dispositive motions, or as otherwise directed by the Court.

**V.    TRIAL READINESS**

The case will be ready for trial within 60 days after the court's final ruling on

7

dispositive motions, or as otherwise directed by the Court.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: 3/5/04

*[signature]*
Dennis G. Ciccarillo, Esq.
Eisenberg, Anderson, Michalik & Lynch
136 West Main St.
PO Box 2950     ct 05680
New Britain, CT 06050-2950

*[signature]*
J. William Gagne, Jr., Esq.
1260 Silas Deane Highway
Wethersfield, CT 06109
ct 02126

*[signature]*
Michael J. Rose, Esq.
Howd & Ludorf     ct 14803
65 Wethersfield Avenue
Hartford, CT 06114

*[signature]*
Erin I. O'Neil, Esq.
James S. Brewer, Esq.  ct 23073
818 Farmington Ave.
West Hartford, CT 06119

8