UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD B. MALLETT | : | NO.:  3:01CV1137 (AHN) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF PLAINVILLE; AND IN THEIR | : | |
| INDIVIDUAL AND OFFICIAL CAPACITIES | : | |
| JOHN BOHENKO, FORMER TOWN | : | |
| MANAGER; ROBERT JACKSON, TOWN | : | |
| MANAGER; SHIRLEY OSLE, ASSISTANT | : | |
| TOWN MANAGER; ROBERT JAHN | : | |
| DIRECTOR, WATER POLLUTION | : | |
| CONTROL DEPARTMENT; DONALD | : | |
| BECKER; JAMES KAINE; MICHAEL | : | |
| CONKLIN; BUTCH PARADIS, FORMER | : | |
| MUNICIPAL EMPLOYEES UNION | : | |
| PRESIDENT; STEVEN CLARK, | : | |
| MUNICIPAL EMPLOYEES UNION | : | |
| PRESIDENT; AMERICAN FEDERATION | : | |
| OF STATE, COUNTY AND MUNICIPAL | : | |
| EMPLOYEES LOCAL 1303-56 | : | SEPTEMBER 27, 2004 |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), the defendants, **Donald Becker, James Kaine and Michael Conklin**, hereby move this Court to enter summary judgment in their favor as to Counts One, Two, Five, Seven and Eight of the plaintiff's complaint dated June 21, 2001.  These are the only counts directed to these defendants.

As is more particularly set forth in the accompanying memorandum of law, supporting exhibits and Local Rule 56(a)(1) statement, there is no genuine dispute of material fact and the defendants are entitled to summary judgment for the following reasons:

i. The plaintiff's claims are, in part, barred by the applicable 3-year statute of limitations period (All Counts);

ii. The plaintiff's §1983 claims must fail because the defendants were not acting under color of law (Counts One and Two);

iii. In the alternative, the plaintiff's §1983 claims must fail because the defendants are entitled to qualified immunity (Counts One and Two);

iv. The plaintiff's First Amendment claim must fail because the plaintiff's "speech" was not protected conduct under the First Amendment (Count One);

v. The plaintiff's First Amendment claim must fail because the plaintiff was not subject to an adverse employment action (Count One);

vi. The plaintiff's First Amendment claim must fail because there is no evidence of a causal connection between the plaintiff's claimed protected speech and an adverse employment action (Count One);

viii. The plaintiff's Procedural Due Process claim must fail because the plaintiff was not deprived of a liberty interest protected under the Fourteenth Amendment (Count Two);

ix. The plaintiff's Procedural Due Process claim must fail because there is no evidence that the procedural remedies available to him, in this case the grievance procedure, were inadequate (Count Two);

x. The plaintiff's Substantive Due Process claim must fail because the alleged conduct does not "shock the conscience" (Count Two);

xi. The plaintiff's state statutory claims must fail because Conn. Gen. Stat. §53a-62 does not provide for a private cause of action (Count Five);

xii. The plaintiff's state statutory claims must fail because Conn. Gen. Stat. §46a-71 applies to state agencies only and is inapplicable to these defendants (Count Five);

xiii. The plaintiff's common law tort claims must fail because the plaintiff failed to exhaust the available grievance procedure set forth in the Collective Bargaining Agreement (Counts Seven and Eight);

xiv. The plaintiffs assault claim must fail because the cited criminal statutes, Conn. Gen. Stat. §§53a-62 and 53a-64, do not provide for a private cause of action (Count Seven);

xv.  The plaintiff's assault claim must fail because there is no evidence to support the claim as a matter of law (Count Seven);

xvi. The plaintiff's intentional infliction of emotional distress claim must fail because the defendants' conduct was not extreme and outrageous as a matter of law (Count Eight).

WHEREFORE, the co-employee defendants, Donald Becker, James Kaine and Michael Conklin, respectfully request that their motion for summary judgment as to Counts One, Two, Five, Seven and Eight of the Plaintiff's Complaint be granted.

        DEFENDANTS,
        DONALD BECKER, JAMES KAINE and
        MICHAEL CONKLIN

        By/s/Alexandria L. Voccio
          Alexandria L. Voccio,
          ct21792
          Howd & Ludorf
          65 Wethersfield Avenue
          Hartford, CT  06114
          Phone:  (860) 249-1361
          Fax:  (860) 249-7665
          E-mail:  avoccio@hl-law.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 27th day of September, 2004.

James S. Brewer, Esquire
Erin I. O'Neil-Baker, Esquire
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT  06119

Dennis Ciccarillo, Esquire
Plainville Town Counsel
Eisenberg, Anderson, Michalik & Lynch
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

J. William Gagne, Jr., Esquire
Gagne & Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT  06109

                                              /s/Alexandria L. Voccio
                                              Alexandria L. Voccio