# Connecticut Trial Ct. Unpublished Decisions

ELLSLEY v. BENSON, No. CV92 29 52 54 (Dec. 23, 1992)

BEVERLY ELLSLEY, INC. vs. SANDRA & ARTHUR BENSON

1992 Ct. Sup. 11787

No. CV92 29 52 54

Superior Court

Judicial District of Fairfield at Bridgeport

December 23, 1992.

MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE

LEHENY, J.

The facts as alleged in the plaintiff's revised complaint are as follows. In January, 1992, the plaintiff, Beverly Ellsley, Inc., entered into negotiations with the defendants Sandra and Arthur Benson ["the Bensons"], for the sale and purchase of real property in Weston, Connecticut. As a result of the negotiations, the parties entered into an agreement whereby the Bensons agreed to purchase the property for the sum of $1,450,000.00 and to pay the plaintiff $145,000.00 as a down payment toward the purchase of the property.

In March 1992, the Bensons gave the plaintiff a check in the amount of $145,000.00. The plaintiff presented the Bensons' check for payment but it was subsequently dishonored for insufficient funds. Thereafter, the Bensons stopped payment on the check and refused to perform their obligations under the agreement.

On May 21, 1992, the plaintiff filed a five-count complaint against the Bensons. On June 23, 1992, the defendants filed a request to revise, and on September 23, 1992, the plaintiff filed a revised complaint. The first count of the revised complaint is a claim for specific performance of the Agreement. The second count is a claim based upon nonpayment of the check. The third count is a cause of action for liquidated damages. The fourth count is a claim for breach of contract, and the fifth count is a cause of action for breach of the covenant of good faith.

On September 29, 1992, the defendants' filed a motion to strike the second count of the plaintiff's revised complaint on the ground that there is no cause of action recognized in Connecticut which allows a civil claim for an alleged nonpayment of a bad check along with a memorandum of law in support of their motion to strike. On October 20, 1992, the plaintiff filed a memorandum of law in opposition to the defendants' motion to strike.
CT Page 11788

In support of its motion, the defendants argue that General Statutes 53a-128 which is a criminal statute does not provide a civil cause of action for the recovery of money pursuant to a bad check. The defendants are correct. See General Statutes 53a-128(c).

In opposition, however, the plaintiff argues that the second count is not brought pursuant to 53a-128, but rather, is

EXHIBIT I

a claim for either: (1) statutory negligence; (2) negligent misrepresentation; or (3) fraudulent misrepresentation. Since the plaintiff alleges neither a violation of **53a-128** nor negligence on the part of the defendants, the second count does not sufficiently allege a claim for either statutory negligence or negligent misrepresentation.

The second count sufficiently alleges a cause of action for fraudulent misrepresentation. The elements of fraudulent misrepresentation are:

> (1) a false representation of a statement of fact, (2) such representation was untrue and either known by the defendants to be untrue or made in careless disregard as to whether it was true or false, (3) such representation was made for the purpose of inducing the plaintiff to act upon it, and (4) the plaintiff did in fact rely upon such misrepresentation to [its] detriment.

(Citation omitted.) Gold v. University of Bridgeport School of Law, **19 Conn. App. 379**, 382, **562 A.2d 570** (1989). The plaintiff alleges that the defendants falsely represented that there were sufficient funds in their account to cover the check; the defendants were informed that the check would be immediately presented for payment and the funds used by the plaintiff; and that in reliance on the fact that the check was good, drew checks on its own account and executed and delivered the Agreement to the defendants all to the plaintiff's detriment.

The court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." Zeller v. Mark, **14 Conn. App. 651**, 654, 542 A.2d (1988). Construing the allegations broadly, the court finds that the second count sufficiently alleges a claim for fraudulent misrepresentation.
CT Page 11789

Therefore, the defendants' motion to strike should be denied.

LEHENY, JUDGE

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved