## Connecticut Trial Ct. Unpublished Decisions

BIGIO v. MONTAGNA, No. CV 00-0442522 S (Oct. 2, 2003)

CARMEN C. BIGIO v. JOSEPH MONTAGNA.

2003 Ct. Sup. 11015

No. CV 00-0442522 S

Superior Court

Judicial District of New Haven at New Haven.

October 2, 2003

MEMORANDUM OF DECISION

GILARDI, JUDGE.

The plaintiff, Carmen Bigio, had worked as a secretary at the Fair Haven Middle School since the mid-1980s, most recently for the defendant, Joseph Montagna, who was the school's current principal. The plaintiff had a good working relationship with the defendant until she began having problems with Alice Fertig, a teacher's aid who worked in the same office. The defendant became aware of disputes between the plaintiff and Fertig, and he counseled the plaintiff to try to get along with Fertig. On one occasion, after receiving a complaint from Fertig about the plaintiff the defendant called the plaintiff into his office. Fertig was also present. The defendant verbally reprimanded the plaintiff and instructed her that she should try to resolve her differences with Fertig. Nevertheless, the plaintiff's relationship with Fertig did not improve. On September 28, 1999, the plaintiff and Fertig again became involved in a loud confrontation in the office. The defendant broke up the incident, strongly reprimanded the plaintiff and informed her that he intended to transfer the plaintiff to another office within the school. The plaintiff went home sick and never returned to work.

On August 23, 2000, the plaintiff commenced the present action against the defendant. The complaint contains three counts. Counts one and two allege that, on September 28, 1999, the defendant "subjected the plaintiff to harsh and entirely unwarranted verbal abuse" and raise claims of, respectively, negligent and intentional infliction of emotional distress. Count three alleges that the defendant did not give the plaintiff notice or an opportunity to be heard as to the disciplinary actions taken on September 28, 1999, and that this deprived the plaintiff of her due process rights under the fourteenth amendment to the federal constitution in violation of 42 U.S.C. § 1983 et seq. **[fn1]** The defendant filed an answer and special defenses on May 3, 2001. The plaintiff filed a general denial as to those special defenses. On December 30, 2002, the defendant filed a motion for summary judgment along with a supporting memorandum of law.
CT Page 11016

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the

EXHIBIT L

evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Gould v. Mellick & Sexton*, 263 Conn. 140, 146, 819 A.2d 216 (2003). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Schilberg Integrated Metals Corp. v. Continental Casualty Co.*, 263 Conn. 245, 252, 819 A.2d 773 (2003).

The defendant moves for summary judgment as to all counts on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies. Specifically, the defendant argues that the plaintiff did not follow the grievance procedures provided for under a collective bargaining agreement between the city of New Haven and the plaintiff's labor union, Local 884 of the American Federation of State, County and Municipal Employees (AFSCME), and that this failure deprives the court of subject matter jurisdiction over the present action. The defendant also raises the following alternative grounds for granting summary judgment. First, the defendant argues that count one fails because the defendant did not discharge the plaintiff but only transferred her to a different office and, as a matter of law, negligent infliction of emotional distress cannot arise during the course of an ongoing employment relationship. Next, the defendant argues that count two fails because there is no evidence that the defendant intended to cause emotional distress and, further, the conduct complained of does not, as a matter of law, rise to the level of extreme and outrageous behavior. Finally, the defendant argues that count three fails because the plaintiff was not deprived of a constitutionally protected interest. In support of the motion for summary judgment, the defendant has provided the following evidentiary support: (1) uncertified copies of portions of the plaintiff's deposition, (2) the defendant's signed and sworn affidavit, (3) an affidavit of William Clark, the director of labor relations for the city of New Haven, and (4) verified copies of portions of the relevant collective bargaining agreement.

In her opposition to summary judgment, the plaintiff argues that she was not required to exhaust her remedies under the collective bargaining before bringing the present action because, "in cases like this one,"
CT Page 11017
General Statutes 31-51bb provides that exhaustion is not required and, regardless, neither she nor the defendant were a party to the collective bargaining agreement. The plaintiff also argues that although the defendant did not terminate her, she was constructively discharged and, therefore, count one states a valid claim for negligent infliction of emotional distress. Further, as to count two, the plaintiff argues that there are disputed issues of material fact about the intent of the defendant and whether his actions were extreme and outrageous and that the court cannot resolve these questions of fact at summary judgment. Finally, the plaintiff argues that her transfer was an adverse employment action and, as such, implicated her due process rights. As evidentiary support for her opposition to summary judgment, the plaintiff has only submitted a certified copy of the plaintiff's deposition testimony.[fn2]

Although a defendant should ordinarily raise a claim that the court lacks subject matter jurisdiction by way of a motion to dismiss; Practice Book 10-31(a); *Branford v. Monaco*, 48 Conn. App. 216, 222 n. 4, 709 A.2d 582, cert. denied, 245 Conn. 903, 719 A.2d 900 (1998); "[o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal

quotation marks omitted.) *Milford Power Co., LLC v. Alstom Power, Inc.,* 263 Conn. 616, 624-25, 822 A.2d 196 (2003). Before considering the other grounds raised in the motion for summary judgment, therefore, this court must first address the defendant's argument that it lacks subject matter jurisdiction over the present action.

"Because of the importance of promoting the orderly settlement of grievances by the method chosen by the parties, [i]t is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures; such as those contained in [a] collective bargaining agreement . . . Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction . . . The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes." (Internal quotation marks omitted.) *Hartford v. Hartford Municipal Employees Assn.*, 259 Conn. 251, 282-83, 788 A.2d 60 (2002).

According to Clark's affidavit, the plaintiff was a member of Local 884 at the time of the transfer and was obligated to follow the grievance procedures set forth in the collective bargaining agreement between the city of New Haven and Local 884. Clark attests that neither the plaintiff nor her representative has filed a grievance with his office. Further, the defendant states in his affidavit that the plaintiff never attempted
CT Page 11018
to resolve the matter with him or otherwise file a grievance as required under the collective bargaining agreement. The plaintiff does not dispute those facts or present any evidence to the contrary. Instead, the plaintiff relies wholly on General Statutes § 31-51bb[fn3] to support her position that she did not have to exhaust her remedies under the collective bargaining agreement before bringing the present action. That reliance is misplaced as to the common-law claims of emotional distress.

"General Statutes § 31-51bb authorizes an employee who has failed to exhaust the grievance procedures in a collective bargaining agreement to pursue a cause of action in the Superior Court if the cause of action arises under the state or federal constitution or under a state statute." *Hunt v. Prior*, 236 Conn. 421, 446 n. 22, 673 A.2d 514 (1996). The plaintiff's claims of negligent and intentional infliction of emotional distress, unlike her § 1983 claim, do not arise under any constitutional or state statutory provision, but are common-law causes of action. Connecticut courts have consistently interpreted § 31-51bb as having no application to common-law claims. See, e.g., *Hunt v. Prior, supra*, 236 Conn. 446 n. 22 (statute did not apply to contract claim); *Peters v. National Wholesale Liquidators*, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 00 0070885 (Mar. 6, 2002, Sequino, J.) (31 Conn.L.Rptr. 455) (statute did not apply to claims of negligent and intentional infliction of emotional distress); *Lathrop v. East Hampton*, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 97 0083839 (May 23, 2001, Parker, J.) (same).

Accordingly, this court concludes that § 31-51bb, although applicable to the plaintiff's § 1983 claim, does not relieve the plaintiff of her obligation to exhaust the administrative remedies available to her under the collective bargaining agreement as to the claims of negligent and intentional infliction of emotional distress. This court lacks subject matter jurisdiction to hear counts one and two and, therefore, dismisses those counts. Because the court is without jurisdiction as to counts one and two, it cannot address the defendant's alternative grounds for granting summary judgment going to the merits of those claims.

The court now considers the defendant's alternative ground for summary judgment on the § 1983 claim, specifically whether the plaintiff's claim fails to implicate a constitutionally protected interest. The court concludes that the plaintiff's impending lateral transfer did not implicate her rights to due process.

The plaintiff alleges in count three that the defendant violated §
CT Page 11019
1983 by depriving the plaintiff of due process of law. "Due process claims may take one of two forms: procedural due process or substantive due process. Procedural due process claims concern the adequacy of the procedures provided by the governmental body for the protection of liberty or property rights of an individual. Substantive due process claims concern limitations on governmental conduct toward an individual regardless of the procedural protections." *Gordon v. Nicoletti*, **84 F. Sup.2d 304** (D.Conn. 2000). Although the plaintiff has not expressly stated upon which theory she relies, the court's threshold inquiry is the same: whether the plaintiff had a constitutionally protected property or liberty interest and, if so, was she deprived of that interest. *Id.*

Under Article 26, § 5 of the collective bargaining agreement, the plaintiff could not be discharged except for just cause. A public employee who is subject to discharge only for just cause has a property interest in continued employment and cannot be fired without due process. *Hunt v. Prior, supra*, 236 Conn. 437; *Gilbert v. Homar*, **520 U.S. 924**, 928, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997). Thus, the plaintiff arguably had a property interest in retaining her job. The plaintiff, however, admitted in her deposition that the defendant never told her that she was fired or suspended, simply that he was going to transfer her to another principal's office. The plaintiff chose to go home sick after the defendant reprimanded her and told her that he was transferring her. Although she admittedly never returned to work, according to the defendant's affidavit, the school did not fill her position with a permanent replacement. The plaintiff also stated in her deposition that she believed her duties at the other office would remain the same and has presented no evidence that suggests this was a demotion. Further, there is no evidence that the plaintiff was asked to take a cut in salary or benefits. In other words, this was a lateral transfer and the plaintiff has provided no evidence to contradict that fact.

The plaintiff argues that although not overtly fired, the actions of the defendant amounted to a "constructive discharge" of the plaintiff. "Constructive discharge occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign . . . A claim of constructive discharge must be supported by more than the employee's subjective opinion that the job conditions have become so intolerable that he or she was forced to resign." (Internal quotation marks omitted.) *Appleton v. Board of Education*, **53 Conn. App. 252**, 261, **730 A.2d 88** (1999), rev'd in part on other grounds, **254 Conn. 205**, **757 A.2d 1059** (2000). For example, in *Meyer v. Brown & Root Construction Co.*, **661 F.2d 369**, 372 (5th Cir. 1981), the court found a constructive discharge where the employer transferred
CT Page 11020
an employee who was several months pregnant to a warehouse job requiring possible heavy labor, which could have endangered the health of the employee or her unborn child. In *Young v. Southwest Savings & Loan Association*, **509 F.2d 140** (5th Cir. 1975), the court found a constructive discharge where the employee, who was an atheist, was forced to attend prayer meetings as part of her job. Where a transfer, however, results in no loss of pay and is intolerable only because of the subjective feelings

of the employee being transferred, this does not amount to a constructive discharge. *Neale v. Dillon*, **534 F. Sup. 1381** (E.D.N.Y.), aff'd., 714 F.2d 116 (2d Cir. 1982); see also *Galligan v. Manchester*, United States District Court, Docket No. 3:01 CV 2092 (GLG) (D.Conn. May 19, 2003) (granting summary judgment on constructive discharge claim where plaintiff failed to present evidence that defendant intended to create hostile work environment or that a reasonable person would have felt compelled to resign).

The plaintiff has provided no legal support for her assertion that the defendants alleged actions in the present case amounted to a constructive discharge. The plaintiff has presented no specific evidence that the defendant intended to create hostile work environment or that a reasonable person would have felt compelled to resign or that she would have had to accept a cut in pay or benefits as a result the transfer. Although the court does not dispute that the plaintiff was upset by the defendant's alleged angry response to the ongoing dispute with Fertig and by the transfer, and that she may have felt betrayed by the defendant, believing that he should have removed Fertig instead of her because of the plaintiff's long history of service in that office, those feelings are subjective and are not sufficient to establish a constrictive discharge. The court concludes that, as a matter of law, no reasonable fact finder could construe the facts as alleged to support a finding that the defendant constructively discharged the plaintiff. Thus, the defendant's alleged actions did not implicate the plaintiff's property interest in continued employment.

The plaintiff's only remaining interest is an interest in staying in the same office in which she had worked for many years. She has provided no case law in which a court has held that such an interest is protected under the constitution nor is this court aware of such a holding. The plaintiff's argument that the transfer would be viewed as an adverse employment action in a Title VII action is unavailing, and fails to address the issue before the court. The plaintiff fails to address the due process question of whether the plaintiff had a protected interest in not being transfer. The court concludes that she did not.

"An interest protected or cognizable under the due process clause must
CT Page 11021
have a basis in existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits . . . Thus, [p]roperty interests are more than abstract needs, desires or unilateral expectations of benefits or privileges. Rather, a person must have a legitimate claim of entitlement to a benefit or privilege to have a property interest in that benefit" (Citation omitted; internal quotation marks omitted.) *Hunt v. Prior*, supra, 236 Conn. 436-37. "The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood*, **426 U.S. 341**, 350, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); see also *Honis v. Cohen*, **18 Conn. App. 80**, 84, **556 A.2d 1028** (1989) (unless termination of employment is involved, personnel decisions do not constitute deprivation of property interest). "[T]he overwhelming weight of authority holds that no protected interest is implicated when an employer reassigns or transfers an employee absent a specific statutory provision or contract term to the contrary." *Anglemyer v. Hamilton County Hospital*, **58 F.3d 533** (10th Cir. 1995), and cases cited therein. There is no evidence of such a statute or contractual provision in the present case. Because there are no genuine issues of material fact and the court concludes as a matter of law that the defendant did not deprive the plaintiff of a constitutionally protected interest, the § 1983 claim against the defendant fails and the court grants summary judgment as to

count three of the complaint.

In summary, counts one and two are dismissed and the defendant's motion for summary judgment is granted as to count three.

The Court

By Gilardi, J.

[fn1] Section 1983 provides in relevant part: Every person who, under color of . . . any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

[fn2] "To defeat a motion for summary judgment, a nonmovant must recite specific facts that contradict those stated in the movants documents to show there exists a genuine issue of fact for trial." (Internal quotation marks omitted.) *Redding v. Elfire, LLC*, 74 Conn. App. 491, 496, 812 A.2d 211 (2003). The plaintiff's memorandum of law in opposition to summary judgment does not refer to specific portions of the plaintiff's
CT Page 11022
transcript. Rather, it relies on the court to "ferret out the required evidence of specific facts" needed to support the plaintiff's arguments. *Grant v. Yale University*, Superior Court, judicial district of New Haven, Docket No. CV 99 0430454 (Mar. 27, 2003, Licari, J.). Although the court did not need to search the transcript to resolve the present action, it nonetheless feels compelled to note that the court has previously ordered the law firm of Williams and Pattis, LLC, who represents the plaintiff in this action, not to rely on such submissions in opposing a motion for summary judgment. *DiLella v. Yale University*, Superior Court, judicial district of New Haven, Docket No. CV 97 0404058 (January 25, 2002, Blue, J.) (ordering that "on and after January 28, 2002, any brief filed by the law firm of Williams and Pattis, LLC in opposition to an opponent's motion for summary judgment shall contain a statement of facts in narrative form supported by appropriate references to the page or pages of the record upon which the party represented by the firm relies").

[fn3] General Statutes § 31-51bb provides in relevant part: "No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal Constitution or under a state statute solely because the employee is covered by a collective bargaining agreement . . ."
CT Page 11023

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved