# Connecticut Trial Ct. Unpublished Decisions

PETERS v. NATIONAL WHOLESALE LIQUIDATORS, No. CV00 0070885S (Mar. 6, 2002)

ETHEL PETERS v. NATIONAL WHOLESALE LIQUIDATORS OF ORANGE, INC., ET AL.

*2002 Ct. Sup. 2841, 31 CLR 455*

No. CV00 0070885S

Superior Court

Judicial District of Ansonia/Milford at Milford.

March 6, 2002

CT Page 2841

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SEQUINO, JUDGE.

The plaintiff, Ethel Peters, brought this action against her former employer, National Wholesale Liquidators of Orange, Inc. (National), and Bob Pidgeon, a manager with her former employer. The plaintiff alleges that she was wrongly accused of misconduct[fn1] and fired by Bob Pidgeon, acting on behalf of National. The complaint is in five counts. The first count alleges wrongful termination. The second count alleges both negligent and intentional infliction of emotional distress. The third count alleges a breach of an implied covenant of good faith and fair dealing. The fourth count repeats the allegation of intentional, reckless and/or negligent infliction of emotional distress, as well as negligence. The fifth count alleges a nonspecific violation of the terms of the plaintiff's employment as well as a violation of unnamed Connecticut and federal laws. The defendants have answered, denying the allegations of each count. The defendants have also filed five special defenses to each of the five counts of the complaint. The first special defense alleges that the plaintiff was an at-will employee, dischargeable with or without cause. The second special defense alleges that the plaintiff failed to exhaust her administrative remedies. The third defense claims that the plaintiff failed to mitigate damages. The fourth alleges that the plaintiff has unclean hands. The final special defense alleges that the complaint fails to state a claim upon which relief can be granted.[fn2] The plaintiff has replied, denying each of the special defenses.

The defendants have now moved for summary judgment. The defendants argue that the court lacks subject matter jurisdiction because, prior to filing this action, the plaintiff failed to exhaust the exclusive grievance and arbitration procedures provided in the collective bargaining agreement between National and the union. As the plaintiff failed to exhaust her administrative remedies, summary judgment should be granted. In support of its motion, the defendants have filed four memorandums, containing various excerpts from the certified deposition transcript of the plaintiff, affidavits from Mitch Goldberg[fn3] and the defendant Robert Pidgeon, and a copy of the collective bargaining agreement between the union and National. The defendants have also filed a copy of an employee termination form and an acknowledgment signed by the plaintiff that she had received the employee benefit handbook.

EXHIBIT M

In Opposition, the plaintiff has filed two memoranda and her affidavit. The plaintiff argues that summary judgment is not the appropriate remedy when a party does not exhaust his or her administrative remedies. Alternatively, the plaintiff argues that the exhaustion
CT Page 2842
doctrine does not apply and, if applicable, she has exhausted her administrative remedies.

Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appleton v. Board of Education, **254 Conn. 205**, 209, **757 A.2d 1059** (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., **233 Conn. 732**, 751, **660 A.2d 810** (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Appleton v. Board of Education, supra, 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban Development Commission, **158 Conn. 364**, 379, **260 A.2d 596** (1969).

"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Maffucci v. Royal Park Ltd. Partnership, **243 Conn. 552**, 554-55, **707 A.2d 15** (1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education, supra, 254 Conn. 209.

I

"It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures . . . Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction." (Citations omitted; internal quotation marks omitted.) Labbe v. Pension Commission, **229 Conn. 801**, 811, **643 A.2d 1268** (1994). Ordinarily, claims of failure to exhaust arbitration procedures, as well as other claims of lack of subject matter jurisdiction, are raised by a motion to dismiss. P.B. § 10-31(a). See Tooley v. Metro-North Commuter Railroad Co., **58 Conn. App. 485**, **755 A.2d 270** (2000); Mendillo v. Board of Education, **246 Conn. 456**, **717 A.2d 1177** (1998). "The issue of subject matter jurisdiction [however] may be raised at any time, even on
CT Page 2843
appeal; and by the court itself. Once brought to the court's attention, it must be resolved." (Citations omitted.) Kolenberg v. Board of Education of Stamford, **206 Conn. 113**, 122 n. 5, **536 A.2d 577**, cert. denied, 487 U.S. 1236, 108 S.Ct. 903, 101 L.Ed.2d 935 (1988). The claim must be entertained irregardless of the manner in which it is presented. Figueroa v. C. & S. Ball Bearing, **237 Conn. 1**, 4, **675 A.2d 845** (1996). Accordingly, the court will consider the merits of the defendants' exhaustion claim raised by their motion for summary judgment.

II

There is no genuine issue as to the material facts in this matter. The plaintiff was a member of the employee union, Amalgamated Local 298 AFL-CIO. There was a collective bargaining agreement in effect between the union and her employer, National, at the time the plaintiff was terminated. The plaintiff had a copy of, and was familiar with, the collective bargaining agreement. Paragraph 14.1 of the collective bargaining agreement provides that "[n]o employee shall be discharged except for just and sufficient cause." Theft of company property or other "just cause" are some of the stated reasons for termination enumerated in the agreement. The agreement further provides the procedures to be followed, when an employee wishes to contest his termination, as follows:

> "The dispute and/or disagreement [as to the discharge] shall thereupon be adjusted between the parties in the manner provided for in Paragraph 13 of this agreement; provided, however, it shall not be necessary to commence with sub-division (1) of said paragraph but institution of the dispute may be by immediate recourse to sub-division 3 of said paragraph, and any employee who has been discharged and subsequently reinstated as a result of invoking the machinery for resolving dispute[s] as set forth in paragraph 12 shall be reinstated to his former job with full back pay."

Paragraph 13 of the agreement, entitled "Grievance and Arbitration" outlines the specific manner in which the dispute as to the termination would have been arbitrated. The plaintiff knew of the arbitration procedure but chose not to follow it. At her deposition, the plaintiff testified, "I didn't want to do that. I wanted to dismiss anything with National and get my own attorney and take it to a higher level from there."**[fn4]** Instead of first following the grievance and arbitration procedure outlined in the collective bargaining agreement, the plaintiff filed this action.
CT Page 2844

"Unions and their employers have broad contractual authority to provide administrative remedies for disputes arising out of the employment relationship." Triglia v. Hartford, **217 Conn. 490**, 494, **586 A.2d 605** (1991). Those administrative remedies are usually contained in the collective bargaining agreements entered into between the unions and the employer. "It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiffs' union . . . Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction. The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes. A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it . . . [I]t would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both the negotiation and administration of collective [bargaining] agreements." (Citations omitted; internal quotation marks omitted.) Hunt v. Prior, **236 Conn. 421**, 431-32, **673 A.2d 514** (1996); Hartford v.

Hartford Municipal Employees Assn., **259 Conn. 251**, 282-83, ___ A.2d ___ (2002). There is no genuine issue that the plaintiff failed to exhaust the grievance and arbitration procedures available to her under her collective bargaining agreement before resorting to filing this action.**[fn5]**

The plaintiff argues that the exhaustion doctrine "does not apply" because she is seeking damages for emotional distress. Although the plaintiff does not expressly say that the administrative remedy is inadequate, that is, in effect, her claim. Since the remedy sought by the plaintiff is not expressly covered under the arbitration agreement, the plaintiff argues that the administrative remedy is inadequate.

"Despite the important public policy considerations underlying the exhaustion requirement, [Connecticut courts] have grudgingly carved several exceptions from the exhaustion doctrine." Hunt v. Prior, supra, 236 Conn. 432. These exceptions, however, have been recognized "only infrequently and only for narrowly defined purposes." Id. "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate." Id.; Labbe v. Pension Commission, supra, 229 Conn. 812.
CT Page 2845

"It is futile to seek an administrative remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." Hunt v. Prior, supra, 236 Conn. 433. A mere feeling of animus or lack of trust on the employee's part is not sufficient evidence of futility. Id., 432-33. If the plaintiff had prevailed after resorting to the grievance/arbitration procedures under the collective bargaining agreement, she could have been reinstated to her position with full back pay. No evidence has been offered by the plaintiff that would raise a genuine issue that resort to the arbitration procedures by her would have been futile.

The fact that the plaintiff seeks damages for emotional distress, which is not specifically covered in the collective bargaining agreement, also does not make the administrative remedy inadequate. "It is not the plaintiff's preference for a particular remedy that determines whether the remedy . . . is adequate; and an administrative remedy, in order to be "adequate," need not comport with the plaintiffs' opinion of what a perfect remedy would be." Hunt v. Prior, supra, 236 Conn. 434.**[fn6]** "The applicable test is often articulated as an inquiry into whether the dispute concerns a claim that is inextricably intertwined with consideration of the terms of the labor contract." (Internal quotation marks omitted.) Tooley v. Metro-North Commuter Railroad Co., supra, 58 Conn. App. 497

In this action, the plaintiff claims wrongful termination, negligent and intentional infliction of emotional distress, breach of an implied covenant of good faith and fair dealing, negligence, a violation of the terms of plaintiff's employment and a nonspecific violation of state and federal laws.**[fn7]** The plaintiff requests compensatory damages, including lost wages and benefits, emotional distress damages, punitive damages, attorney's fees and reinstatement to her job. Every one of the claims and the alleged damages which resulted therefrom, however, arose out of the plaintiff's termination. The wording of each count is based on virtually the same facts as the first count, which alleges wrongful termination. A "complaint sounding in tort will not in itself prevent arbitration if the underlying contract embraces the disputed matter." School Administrators Assn. v. Dow, **200 Conn. 376**, 383, **511 A.2d 1012** (1986). All of the claims, on which the relief sought is based, were embraced by the collective bargaining agreement.**[fn8]** "A contrary conclusion would allow

an employee covered by a collective bargaining agreement to circumvent the contract's grievance mechanism simply by seeking relief outside the scope of that agreement. Such a result would undermine the state's policy favoring recourse to contract grievance procedures as a means of dispute resolution; and would defeat the express intent of the parties to the collective bargaining agreement that the grievance mechanism be utilized to settle such claims and disputes as expeditiously as possible . . .
CT Page 2846
[T]he plaintiff may not choose [his] administrative remedy through the framing of [his] own complaint. If that were possible, the purpose of the exhaustion doctrine would be thwarted." (Citations omitted; internal quotation marks omitted.) Hunt v. Prior, supra, 236 Conn. 435; see Savoy Laundry, Inc. v. Stratford, supra, 32 Conn. App. 642.

If the plaintiff wanted to contest her termination from National, she was bound to follow the grievance/arbitration procedure as outlined in her collective bargaining agreement. If she was unhappy with the result, or thought that she was entitled to additional remedies, she could have, thereafter, sought redress in court. See Hunt v. Prior, supra, 236 Conn. 435; Savoy Laundry, Inc. v. Stratford, supra, 32 Conn. App. 642.

There is no genuine issue that the plaintiff failed to exhaust her grievance/arbitration remedies, available under her collective bargaining agreement, prior to pursuing this matter. The court is without subject matter jurisdiction. The action must be dismissed. The defendants' motion for summary judgment is granted.

So ordered.

The Court

By Sequino, J.

[fn1] The plaintiff alleges that she was wrongfully accused of asking another employee to reduce the price of an item that the plaintiff intended to purchase.

[fn2] This special defense is more appropriately the basis of a motion to strike. See Practice Book § 10-39.

[fn3] A member of the employee union, Amalgamated Local 298 AFL-CIO, and the business agent of the defendant, National.

[fn4] Deposition Transcript of Ethel Y. Peters, June 22, 2001, p. 49.

[fn5] In her amended memorandum of law, the plaintiff cites her filing of an unemployment benefits claim and conversations she had with unnamed employees of the defendant, as actions which would fulfill her obligation to exhaust her grievance and arbitration remedies. These matters have nothing to do with the procedures outlined in the collective bargaining agreement.

[fn6] See, e.g., Savoy Laundry, Inc. v. Stratford, **32 Conn. App. 636, 630 A.2d 159**, cert. denied, **227 Conn. 931**, 632 A.2d 704 (1993)
CT Page 2847
(administrative remedy not inadequate, although punitive damages and attorney's fees sought by the plaintiff were not recoverable under administrative procedure.)

[fn7] This is not a situation where an employee has brought a claim authorized under a specific. provision of the state or federal constitution or under a specific state statute. See General Statutes

§ **31-51bb**.

[fn8] See <u>Lathrop v. Town of East Haven,</u> Superior Court, judicial district of Middlesex at Middletown, Docket No. 083839 (May 23, 2001, *Parker, J.*) (complaint seeking damages for constructive discharge, violation of covenant of good faith and fair dealing in employment contract, intentional and negligent infliction of emotional distress dismissed for failure to exhaust administrative remedy.); <u>Cross v. Nearine,</u> Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995, *Wagner, J.*) (claims for defamation, invasion of privacy, wrongful discharge and intentional infliction of emotional distress dismissed as the counts "arise directly from the relationship protected by the collective bargaining agreement."); <u>Mefferd v. City of Middletown,</u> Superior Count, judicial district of Middlesex at Middletown, Docket No. 069767 (November 3, 1995, *Stanley, J.*) (multiple count complaint seeking damages, punitive damages and attorney's fees dismissed for failure to exhaust arbitration/grievance procedures.)

---

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved

---