## Connecticut Trial Ct. Unpublished Decisions

CASSOTTO v. WINCHESTER BOARD OF EDUCATION, No. CV930062801 (Nov. 15, 1994)

ROBERT J. CASSOTTO v. WINCHESTER BOARD OF EDUCATION, ET AL.

*1994 Ct. Sup. 11479, 13 CLR 4*

No. CV 930062801

Superior Court

Judicial District of Litchfield

November 15, 1994

**MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT**

PICKETT, J.

On May 4, 1992, the plaintiff, Robert Cassotto, filed a six count complaint against the defendants, the Winchester Board of Education (Board of Education) and Norman Michaud, Superintendent of the Winchester Public School System. The plaintiff alleges the following facts. On April 27, 1989, the plaintiff was terminated from his position as the head custodian at a middle school in Winsted, Connecticut. The termination letter stated that the plaintiff's termination was based in part on his actions at public meetings of the Town of
CT Page 11480
Winchester, where he accused the Board of illegally paying a maintenance man, and in part on the plaintiff's harassment of a fellow employee.

In count one, the plaintiff alleges that he was discharged for exercising his right to free speech in violation of General Statutes § **31-51q**. In count two, the plaintiff alleges that he was discharged for reporting wage violations in violation of General Statutes § **31-51m**. In count three, the plaintiff alleges that he was wrongfully discharged. In count four, the plaintiff alleges that since he was discharged without just cause, the Board breached its contract with the plaintiff's Union. In counts five and six, the plaintiff alleges intentional infliction of emotional distress against the Board of Education and Michaud, respectively.

On August 9, 1993, the defendants filed an answer and revised special defenses. As to counts one through six, the defendants allege that they are immune from suit and that the plaintiff failed to exhaust administrative remedies set forth in the collective bargaining agreement between the Board and the Union. As to counts five and six, the defendants allege that the statute of limitations, General Statutes § **52-577**, bars the plaintiff's claims. On November 19, 1993, the defendants filed two additional special defenses, alleging that the plaintiff's claims are barred by the doctrines of

EXHIBIT N

collateral estoppel and res judicata.

On October 21, 1993, the defendants filed a motion for summary judgment on all six counts. Pursuant to Practice Book § 380, the defendants filed memoranda and attached numerous documents in support of their motion. The plaintiff timely filed memoranda and attached affidavits and other documents in opposition to the motion.

The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." **Wilson v. New Haven**, **213 Conn. 277**, 279, **567 A.2d 829** (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving
CT Page 11481
party is entitled to judgment as a matter of law.'" **Suarez v. Dickmont Plastics Corporation**, **229 Conn. 99**, 105, **639 A.2d 507** (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.

I.

The defendants argue that the plaintiff is barred from filing this action on the ground that he failed to exhaust the administrative remedies set forth in the collective bargaining agreement between the Board of Education and the plaintiff's union. Specifically, the defendants argue that the plaintiff's failure to file suit to vacate, modify, or correct the finding by the State Board of Mediation and Arbitration (Arbitration Board) bars this collateral attack on his termination. The plaintiff argues that the administrative remedy was futile since his union representative refused to appeal the decision of the Arbitration Board.

General Statutes § **31-51bb** provides that

> [n]o employee shall be denied the right to pursue . . . a cause of action arising under the state or federal constitution or under a state statute solely because the employee is covered by a collective bargaining agreement. Nothing in this section shall be construed to give an employee the right to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement.

"Both the language of § **31-51bb** and the legislative history indicate that the legislature intended to . . . eliminate the requirement that a plaintiff who is subject to a collective bargaining agreement exhaust all grievance and arbitration procedures before pursuing any statutory remedies in the trial court." **Genovese v.**

Gallo Wine Merchants, Inc., 226 Conn. 475, 481,
CT Page 11482
628 A.2d 946 (1993).

In the present case, the plaintiff's claims in counts one and two are based on statutory violations that are independent of the collective bargaining agreement. Therefore, the plaintiff is not required to exhaust all of his grievance procedures before pursuing counts one and two in this court.

Nevertheless, in regard to counts three through six, which are not predicated on any independent statutory or constitutional claim, the court has stated that:

> [i]t is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiffs' union. . . . Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction. . . . The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes.

(Citations omitted; internal quotation marks omitted.) Labbe v. Pension Commission, 229 Conn. 801, 811-12, (1994).

The court has, however, "grudgingly carved several exceptions from the exhaustion doctrine . . . including one where the administrative remedy is inadequate or futile." Id. "An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." Savoy Laundry, Inc. v. Stratford, 32 Conn. App. 636, 639-40, 630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 703 (1993).

The United States Supreme Court has held that an exception to the exhaustion requirement exists in situations where

> the union has sole power under the contract to
> CT Page 11483
> invoke the higher stages of the grievance procedure, *and* if . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance. It is true that the employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies to which he agreed in the collective bargaining agreement. But the employer has committed . . . a breach of that agreement, a breach which could be remedied through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of

> fair representation to the employee. To leave
> the employee remediless in such circumstances
> would, in our opinion, be a great injustice.
> We cannot believe that Congress, in conferring
> upon employers and unions the power to
> establish exclusive grievance procedures,
> intended to confer upon unions such unlimited
> discretion to deprive injured employees of all
> remedies for breach of contract. Nor do we
> think that Congress intended to shield
> employers from the natural consequences of
> their breaches of bargaining agreements by
> wrongful union conduct in the enforcement of
> such agreements.

(Emphasis in original.) **Spadola v. Amity Regional Board of Education**, 7 Conn. L. RPTR. 473 (1992) (Levin, J.), quoting **Vaca v. Sipes**, **386 U.S. 171**, 185-86, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

> "`For these reasons, we think the wrongfully
> discharged employee may bring an action against his
> employer in the face of a defense based upon the failure
> to exhaust contractual remedies, provided the employee
> can prove that the union as bargaining agent breached its
> duty of fair representation in its handling of the
> employee's grievance.'" **Spadola v. Amity Regional Board of Education**, 7 Conn. L. RPTR. 473 (1992) (Levin, J.), quoting **Vaca v. Sipes**, supra, 184.

> [W]here . . . a collective bargaining agreement
CT Page 11484
> provides that only the union can pursue a
> grievance to arbitration, and where the union
> fails to do so, a public employee may bring an
> action against his employer in the face of a
> defense based on failure to exhaust
> contractual remedies. However, the employee
> must allege and prove that the union, as
> bargaining agent, breached its duty of fair
> representation in its handling of the
> employee's grievance.

**Spadola v. Amity Regional Board of Education**, supra, 1346. Furthermore, the employee must join the union as a defendant in the action. Id.

In the present case, the plaintiff states in his affidavit that he asked his union representative to appeal the decision of the Arbitration Board, but the union representative never responded. Pursuant to the collective bargaining agreement between the Board and the plaintiff's union, only the union, and not the employee, is permitted to proceed to arbitration. (Defendant's Exhibit G, Article VIII.) Nevertheless, the plaintiff has not alleged in his complaint that the union breached its duty of fair representation. Furthermore, the plaintiff has not joined the union as a defendant. The plaintiff has failed to show that he is entitled to an exception to the exhaustion rule and, therefore, the motion for summary judgment as to counts three through six is granted.

## II.

The defendants argue that the plaintiff's claims in counts one and two are barred by the principles of collateral estoppel and res judicata since the Arbitration Board conclusively decided that the plaintiff was terminated for just cause. The plaintiff argues that the Arbitration Board only decided that the plaintiff was terminated for just cause and it did not consider the constitutional or statutory issues.

"[O]rdinarily a factual determination made in final and binding arbitration is entitled to preclusive effect." **Genovese v. Gallo Wine Merchants, Inc.**, supra,
CT Page 11485
226 Conn. 484. Nevertheless, "the language of § **31-51bb**, illuminated by its legislative history, supports the conclusion that the legislature intended to permit an employee, despite his prior voluntary submission of a related claim to final arbitration under a collective bargaining agreement, to pursue a statutory cause of action in the Superior Court." Id., 493. Therefore, the defenses of res judicata and collateral estoppel are inapplicable to arbitration decisions concerning workplace disputes. Id., 492-93.

In the present case, the plaintiff has alleged statutory claims in counts one and two that are separate from his claims under the collective bargaining agreement. Therefore, pursuant to General Statutes § **31-51bb**, the arbitration decision is not entitled to preclusive effect.

## III

The defendants argue that count one is insufficient in that the speech at issue was not of public concern. Also, the defendant argues that since there were two separate reasons for the plaintiff's termination, the plaintiff does not have a viable first amendment claim. The plaintiff argues that the speech was constitutionally protected and was a motivating factor in his termination.

Section **31-51q** provides in part that:

> Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge. . . .

CT Page 11486

"Section 31-51q creates a statutory cause of action for infringement of an employee's constitutional right of free speech." **Mirto v. Laidlaw Transit, Inc.**, 9 Conn. L. RPTR. 19 No. 1, (May 24, 1993) (Stanley, J.).

The party claiming a violation of his constitutional right of free speech must "`show that his conduct was constitutionally protected, and that this conduct was a . . . motivating factor in the [opponent's] decision' to act in the complained manner." **Schabel v. Tyler**, **32 Conn. App. 704**, 719, **630 A.2d 1361** (1993), quoting **Mt. Healthy City Board of Education v. Doyle**, **429 U.S. 274**, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). "Once that burden has been met, the opposing party ha[s] [to show] by a preponderance of the evidence that it would have reached the same decision as to [the defendant's treatment] even in the absence of the protected conduct." **Schabel v. Tyler**, supra, 719. "The [United States Supreme Court] also stated that in the case of a public employee, the evidence must be `balance[d] between the interests of the [public employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" Id., quoting **Pickering v. Board of Education**, **391 U.S. 563**, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

The first step in analyzing a claim under General Statutes § 31-51q is to determine whether the plaintiff was speaking on a matter of "public concern." See **Vince v. Worrell**, Superior Court, judicial district of Hartford/New Britain at Hartford, DN 319386 (July 14, 1992) (Schaller, J.). If the employee's statements

> relate to matters of public concern and are voiced in such a manner as to contribute to the public discussion thereof, they are constitutionally protected. If, by contrast, they relate solely to the employee's personal employment situation, and/or are so communicated as to affect only the private adjustment of the employee's personal grievances, they are not constitutionally protected.

CT Page 11487

**Daley v. Aetna Life & Casualty**, Superior Court, judicial district of Hartford/New Britain at Hartford, DN 533693 (August 3, 1994) (Sheldon, J.). "It is apparent that the `matter of public concern' determination ultimately turns upon whether the speaker is exercising his or her rights as a citizen, or as an employee, expressing grievances with the circumstances of his or her employment." **Vince v. Worrell**, supra.

In the present case, the plaintiff alleges that he spoke out regarding wage violations at public town meetings. The termination letter that was sent to the plaintiff stated that one of the two reasons for his termination was that:

> [a]t three recent public meetings [the plaintiff has] accused the Board of Education of illegally paying the district's maintenance man. At the most recent public meeting, [the plaintiff] further accused the Board of covering up the truth by not allowing [the plaintiff] a public hearing and that there was a conspiracy between the Board of Education and the Union. [The plaintiff] also stated that the situation was a real scandal.

(Defendants' Exhibit Q). There are genuine issues of material fact regarding whether the plaintiff was speaking out on a matter of public concern or on a matter that concerned only his employment situation. Further, there are issues of material fact regarding whether the plaintiff's speech was a "motivating factor" of his termination. See **Miller v. Bourgoin, 28 Conn. App. 491**, 497-98, **613 A.2d 292** (Summary judgment procedure is inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions), cert. denied, **223 Conn. 927, 614 A.2d 825** (1992). Therefore, the defendants' motion for summary judgment as to count one is denied.

## IV.

CT Page 11488

The defendants move for summary judgment on count two on the ground that the Board of Education is not a "municipal employer" within the meaning of General Statutes § **31-51m**.**[fn1]** The plaintiff argues that the Board of Education is a "municipal employer." General Statutes § **31-51m** provides in part that:

> [n]o employee shall discharge . . . any employee because the employee . . . reports . . . a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body. . . . No municipal employer shall discharge . . . any employee because the employee . . . reports . . . to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer. The provisions of this subsection shall not be applicable when the employee knows that such report is false.

"There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eighth, § 1." **Cheshire v. McKenney, 182 Conn. 253**, 258, **438 A.2d 88** (1980).

> Local boards of education are also agents of the municipality that they serve, however. This court has recognized that the state, in the exercise of its policy to maintain good public schools, has delegated important duties

in that field to the towns. . . . Local boards of education act on behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits.

Id., 258-59.

In the present case, the plaintiff alleged that he spoke out at public town meetings regarding the Board of Education's suspected wage violations. The Board of Education is a "municipal employer" within the meaning of General Statutes § **31-51m**. The defendants have not met
CT Page 11489
there burden of showing the non-existence of genuine issues of material fact regarding whether the plaintiff reported violations of wage laws to a public body. Therefore, the defendants' motion for summary judgment as to count two is denied.

PICKETT, J.

[fn1] The defendants also argue that the plaintiff is barred from bringing count two on the ground that he has failed to exhaust all available administrative remedies as required by General Statutes § **31-51m**(c). Since the plaintiff is not required to exhaust his grievance procedures prior to bringing an independent swtatuory [statutory] claim; see General Statutes § **31-51bb**; the plaintiff may bring a claim under General Statutes § **31-51m**.

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved