UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 OCT 29  A 9: 16

DISTRICT COURT

| | |
|---|---|
| RICHARD MALLETT, : | CIVIL ACTION NO. |
| PLAINTIFF : | 3:01-CV-1137 (AHN) |
| : | |
| VS. : | |
| : | |
| TOWN OF PLAINVILLE, ET AL : | OCTOBER 28, 2004 |
| DEFENDANTS : | |

## DEFENDANTS, BUTCH PARADIS, STEVEN CLARK AND AFSCME LOCAL 1303-56 MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), Butch Paradis, Steven Clark and the American Federation of State, County and Municipal Employees, Local 1303-56, hereby move this Court to enter summary judgment in their favor as to Counts One, Two Four, Five, Seven and Eight of the Plaintiff's Complaint dated June 19, 2001.

As more particularly set forth in the documents submitted in support of this motion, there is no genuine issue of material fact, and the Defendants are entitled to judgment as a matter of law for the following reasons:

1. As to Counts One and Two: The Plaintiff's claims under 42 U.S.C. §1983 must fail because the defendants were not acting under color of law.

2. As to Count Four: The Plaintiff's claim for breach of the duty of fair representation must fail because Union agents may not be held individually liable when they act on behalf of the Union in collective bargaining activity.

1

3. As to Count Four: The Plaintiff has failed to allege, and cannot prove, that the Union acted in an arbitrary or discriminatory manner, or in bad faith.

4. As to Count Four: The Plaintiff's claim for breach of the duty of fair representation is time barred.

5. As to Count Five: The Plaintiff's claim must fail because Conn. Gen. Stat. §53a-62 does not provide for a private cause of action.

6. As to Count Five: The Plaintiff's claim must fail because Conn. Gen. Stat. §46a-71 applies only to state agencies.

7. As to Count Seven: The Plaintiff's claim must fail because Conn. Gen. Stat. §§53a-62 and 53a-64 do not provide for a private cause of action.

8. As to Count Seven: The Plaintiff's assault claim must fail because there is no evidence to support the claim as a matter of law.

9. As to Count Eight: The Plaintiff's claim of intentional infliction of emotional distress must fail because the Defendant's conduct was not extreme and outrageous as a matter of law.

WHEREFORE, it is respectfully requested that this motion for summary judgment be granted.

Respectfully submitted,
DEFENDANTS, BUTCH
PARADIS, STEVEN CLARK and
AFSCME,
LOCAL 1303-56


By /s/ *[signature]*

J. William Gagne, Jr.
Law Office of J. William Gagne Jr.
    & Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT 06109
Telephone: (860) 522-5049
Facsimile: (860) 571-6084
Fed. Bar No. ct02126
Email: jwgagne@snet.net

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on October 28, 2004, to all counsel and pro se parties of record, as set forth below:

Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

Dennis G. Ciccarillo, Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950

Alexandria Voccio, Esq.
Howd & Ludorf
65 Wethersfield, Avenue
Hartford, CT 06114

_____
J. William Gagne, Jr.

4