UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD MALLETT, <br> PLAINTIFF | CIVIL ACTION NO. <br> 3:01-CV-1137 (AHN) |
| VS. | |
| TOWN OF PLAINVILLE, ET AL <br> DEFENDANTS | OCTOBER 28, 2004 |

## LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF DEFENDANTS, BUTCH PARADIS, STEVEN CLARK AND AFSCME LOCAL 1303-56'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)1, Defendants Butch Paradis, Steven Clark and the American Federation of State, County and Municipal Employees, Local 1303-56, hereby submit the following statement of undisputed material facts in support of their motion for summary judgment.

1.  The Plaintiff's employment began in March of 1990. *See* Plaintiff's 7/20/04 Deposition Transcript, p. 27, **Exhibit A**.

2.  The Plaintiff worked as an Operator One in the Water Pollution Control Department. *See* Plaintiff's 12/4/01 Deposition Transcript, p. 26, **Exhibit B**.

3.  The Town of Plainville and AFSCME, Local 1303-56 entered into a collective bargaining agreement that recognized the Union as the exclusive bargaining agent for the employees of the Town of Plainville. *See* Plaintiff's Complaint, Count Four, ¶83; and Collective Bargaining Agreement, **Exhibit C**.

4.  The Collective Bargaining Agreement sets forth the procedure for a four step grievance process and binding arbitration. *See* **Exhibit C**, Article XIII, §13.0.

1

5.  Pursuant to the terms of the Agreement, the decision of the arbitrator "shall be final and binding on both parties." *See* **Exhibit C,** Article XIII, §13.0(E).

6.  During the first two years of Mr. Mallett's employment at the Plainville Water Pollution Control, Donald Becker, a co-worker who was at one time president of the Union, began criticizing Mallett's work performance. *See* **Exhibit A,** pp. 8-9, 40; **Exhibit B,** p.41-42.

7.  Becker did not have any supervisory authority over Mallett. *See* **Exhibit B,** p.27.

8.  Mallett stated that Becker was not nice and spoke to him and other employees in an inappropriate manner. *See* **Exhibit B,** p. 43.

9.  In June of 1991, Becker said, "my way or the highway" and "if you don't like it, here is the gate." *See* **Exhibit B,** p. 44.

10.  Mallett testified that he does not recall how many times he actually talked to Becker about the problems he was experiencing in the workplace. *See* **Exhibit A,** p. 11.

11.  Mallett argues that another co-worker, James Kaine, an Operator at the Plainville Water Pollution Control Authority, also began to criticize his work. *See* **Exhibit B,** p. 48.

12.  Mallett only identified one incident of criticism from Kaine taking place in July of 1992. *See* **Exhibit B,** p.49.

13.  Mallett testified that at one time, Kaine held the positions of union steward and vice-president. *See* **Exhibit A,** p. 8.

14. Mallett does not recall the dates when Kaine held such positions. *See* **Exhibit A**, p.8.

15. On June 16, 1993, Mallett observed on a bulletin board a picture of a "Frankenstein likeness." *See* **Exhibit A**, p.14.

16. Mallett testified that he believed the picture referred to him and his wife because of certain details in the picture, including a scar on the figures arm. *See* **Exhibit A**, p.14-15.

17. Mallett testified that he believed Becker was responsible for the picture. *See* **Exhibit A**, pp. 14-16, 171-73.

18. On July 13, 1993, Mallett was delivering a bundle of rags. *See* **Exhibit A**, pp.17, 169.

19. Becker was standing in the doorway. *See* **Exhibit A**, p.17.

20. Mallett said, "I don't want to hit you." *See* **Exhibit A**, p.17.

21. Becker said, "You're fucking right you don't want to hit me with that bundle of rags, you fucking queer." *See* **Exhibit A**, p.17.

22. On or about July 20, 1993, Becker rode by in a truck and allegedly said to Mallett, "fuck you, asshole." *See* **Exhibit A**, p.170.

23. On or about the same time, Becker whispered baby noises into Mallett's ear, while Kaine laughed. *See* **Exhibit B**, p.60-61.

24. In 1993, Becker called Mallett a "fat ass." *See* **Exhibit A**, p.169-70.

25. In 1993, during the investigation of a claim of sexual harassment by a co-employee against Becker, Mallett was interviewed by John Bohenko, Town Manager. *See* **Exhibit A**, p.47 and **Exhibit B**, p.61.

26. During the interview, Mallett complained about Becker's conduct towards him. *See* **Exhibit A**, p.48-49.

27. Mallett testified that Becker was suspended for three days for harassing the co-employee and himself. *See* **Exhibit B**, p.63-64.

28. Mallett did not file any grievances against specific individuals. *See* **Exhibit A**, pp. 20-22, 53-54, 177.

29. Mallett alleges that he filed a grievance on May 13, 1994 against Becker for posting harassing messages. *See* **Plaintiff's Complaint,** ¶ 33; **Exhibit A**, p. 18.

30. Mallett testified that he does not have a copy of the grievance. *See* **Exhibit A**, p.18.

31. Mallett did not testify as to any facts on which he bases his statement that Union president, Butch Paradis, knew of the activity against Mallett, but failed to take action on it. *See* **Exhibit A**, pp. 18-19.

32. Plaintiff alleges that he filed numerous grievances against Kaine. *See* **Plaintiff's Complaint,** ¶34.

33. Mallett testified that he does not recall filing specific grievances against Kaine or filing any grievance as to misuse of town property. *See* **Exhibit A**, pp. 21-22.

34. Plaintiff alleges that Defendant Paradis was aware of such activity as maintaining a pit bull at the Water Polluction Control, and that he failed to take action. *See* **Plaintiff's Complaint,** ¶34; **Exhibit A**, pp. 22-23.

35. Mallett testified that he does not recall on what he bases the assertion that Paradis was aware of the alleged misuse of town property. *See* **Exhibit A**, pp. 22-23.

36. In November of 1999, Kaine assigned Mallett to work in "Siberia" for a four month period. *See* **Exhibit B**, pp.84-85.

37. "Siberia" is an isolated facility away from the main plant and manned by one person. *See* **Exhibit A**, pp.14, 35.

38. Mallett did not complain about the assignment to "Siberia." *See* **Exhibit A**, p.38.

39. Mallett stated that he believes Kaine assigned him to "Siberia" to remove him from the hostility at the main plant. *See* **Exhibit B**, p.85.

40. On November 30, 1999, Plaintiff did not attend a union meeting due to commitments with his part-time job. *See* **Exhibit B**, p.87.

41. On December 14, 1999, Kaine allegedly attempted to provoke Mallett into a physical altercation by calling him "a piece of shit" and "a coward" for not attending the union meeting. *See* **Exhibit B**, pp.88-89.

42. Kaine puffed out his chest, clenched his fist in a "boxing" position, showed a rage in his eye, and said "come on." *See* **Exhibit A**, pp. 105-06, 152-53 and **Exhibit B**, p. 90.

43. Kaine walked away and Mallett was able to return to work. *See* **Exhibit B**, p. 89.

44. Mallett did not report the altercation. *See* **Exhibit B**, p. 90-91.

45. A memorandum was circulating the facility challenging a union election. *See* **Exhibit A**, p. 182 and **Exhibit B** pp 124-25.

46. Mallett refused to sign the memorandum. *See* **Exhibit A**, pp. 182-83.

47.   Mallett's time card was placed at the bottom of the time card slot. *See* **Exhibit A**, p. 182 and **Exhibit B** pp 124-25.

48.   Mallett stated at his deposition that he believes Becker was responsible for the moving of his time card. *See* **Exhibit A**, pp. 182-83 and **Exhibit B**, pp. 124-25.

49.   On June 23, 2000, Mallett failed to report to a job assignment. *See* **Exhibit B** p. 91.

50.   Kaine was upset with Mallett. *See* **Exhibit B**, p.91.

51.   Mallett explained that he had misunderstood the assignment, while Kaine said, "if you mess with me, I'll mess with you." *See* **Exhibit B**, pp. 91-92.

52.   Kaine said, "You're never going anywhere in this department." *See* **Exhibit B**, pp. 91, 118.

53.   Mallett did not report such incident. *See* **Exhibit A**, p. 168.

54.   On August 25, 2000, Mallett was accused of leaking information to a Town resident regarding time card abuses. *See* **Exhibit B**, p.96-98.

55.   Mallett admits to speaking with his neighbor about time card abuses within the Plainville Water Pollution Control. *See* **Exhibit B**, p.96.

56.   During a crew meeting, Becker threatened to take legal action against Mallett for such discussions with his neighbor. *See* **Exhibit A**, p.115.

57.   In February of 2001, Mallett and Michael Conklin had an altercation. *See* **Exhibit A**, pp.12-13 and **Exhibit B**, pp. 108-09.

58.   Conklin was a co-employee who held the position of Operator. *See* **Exhibit A**, p. 10.

59.     Conklin held the position of union steward at one time, but could not recall the exact time period. *See* **Exhibit A**, p. 10.

60.     Mallett was sitting in the break room when Conklin came in and started complaining, stating that he was out working all night while Mallett was getting paid while lying in bed. *See* **Exhibit B**, p.108.

61.     Conklin walked out of the break room and said, "You're a cunt." *See* **Exhibit A**, p. 12 and **Exhibit B**, p. 108.

62.     Conklin stuck his finger in Mallett's face and said, "You're going down nigger." *See* **Exhibit A**, p. 12.

63.     This was the only incident of harassment by Conklin that Mallett reported to his supervisor. *See* **Exhibit A**, p. 168.

Respectfully submitted,
DEFENDANTS, BUTCH
PARADIS, STEVEN CLARK and
AFSCME,
LOCAL 1303-56

By_____
J. William Gagne, Jr.
Law Office of J. William Gagne Jr.
    & Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT 06109
Telephone: (860) 522-5049
Facsimile: (860) 571-6084
Fed. Bar No. ct02126
Email: jwgagne@snet.net

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on October 28, 2004, to all counsel and pro se parties of record, as set forth below:

Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

Dennis G. Ciccarillo, Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950

Alexandria Voccio, Esq.
Howd & Ludorf
65 Wethersfield, Avenue
Hartford, CT 06114

_____
J. William Gagne, Jr.