**FILED**

2004 DEC -6  P 2: 54

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------x
)
RICHARD B. MALLETT,           )    CIVIL ACTION NO.
    Plaintiff                 )    3:01 CV 1137 (AHN)
)
VS.                           )
)
TOWN OF PLAINVILLE, ET AL.,   )    December 6, 2004
    Defendants                )
)
-----------------------------------------------x

### OBJECTION TO THE PLAINTIFF'S LOCAL RULE 56(a) STATEMENT IN OPPOSITION TO THE TOWN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, Town of Plainville, John Bohenko, Robert Jackson, Shirley Osle, Robert Jahn, and Janet Marineau, (hereinafter, "the Town Defendants"), hereby object to the Plaintiff's purported compliance with Local Rule 56(a)(2), specifically his denials of several statements of material facts. More specifically, many of the denials are not responsive to the 56(a)(1) statement of fact, and the denials of statements which the Plaintiff had earlier admitted are not explained, hence do not support the assertion that there are genuine issues for trial.

A party cannot defeat summary judgment by simply denying in an affidavit, or as herein, in a Local Rule 56(a)(2) response, a statement that the party had earlier admitted in sworn testimony. To create a genuine issue for trial sufficient to defeat summary judgment,

the party must offer an explanation for the inconsistency that the court finds adequate to allow a reasonable juror to both accept the current denial and yet still assume the truth of, or the party's good faith belief in, the earlier sworn testimony. See, <u>Cleveland v. Policy Management Sys. Corp.</u>, 526 U. S. 795, 804 (1999).

Specifically, in the category of **denials that are not responsive to the 56(a)(1) assertions**, these denials are deficient, beginning with the set of denials that are most directly related to the Town Defendants:

66-73. This sequence of factual assertions focus on specific Town Defendants' absence of any decision-making, adverse or not, as to the Plaintiff, and as to the absence of any retaliatory, harassing, or defamatory conduct by them against the Plaintiff. The Plaintiff recites the same denial as to each specific assertion: "Deny, Bohenko, Jackson, Osle, John [sic], and Marineau knew, or should have known that he was not being treated fairly and that he was suffering. He presented a 12 page letter to Osle detailing his misery. Plaintiff's affidavit Par. 50." The Plaintiff does not deny the actual assertions by the Defendants in their 56(a)(1) Statement, rather, he alleges, in conclusory fashion, verbatim from the same conclusory statement in his Affidavit, that they knew something about unspecified fair treatment, and his suffering and misery.

2

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP • ATTORNEYS AT LAW
136 WEST MAIN STREET • POST OFFICE BOX 2950 • NEW BRITAIN, CT 06050-2950 • (860) 229-4855 • (860) 225-8403 • JURIS NO. 37765
FAX: (860) 223-4026

31. That the Plaintiff does not allege Defendant misconduct between August 8, 1995 and June, 1999: The Plaintiff denies this, yet the statement is true and he seems only to deny it by explaining <u>why</u> he did not make any such allegations.

36. That the Plaintiff did not receive additional compensation for acting as the back-up lab helper, and did not complain about compensation or being relieved of this role: The Plaintiff denies this, but his explanation for denial does not focus on any part of the 56(a)(1) assertion. Rather, he alleges that he suffered loss of compensation from being relieved of the role. He does not controvert the factual assertion, but, instead, alleges in conclusory fashion that after being relieved, he lost compensation.

38. That, as sworn to by Defendant Marineau, there was a rationale for changing the Plaintiff's role with respect to the lab, and that she explained this to him, and that he did not question or complain about this: The Plaintiff's response is "Deny, in that the plaintiff was retaliated for failure to vote . . ." The denial does not square up to the assertion.

39. That the Plaintiff did not inquire of or complain to Defendant Marineau regarding the lab back-up: The Plaintff's response is "Deny, in that Kaine was responsible . . ." The denial does not square up to the assertion, but seems to offer an excuse for the conduct or lack thereof asserted in the statement.

**EISENBERG, ANDERSON, MICHALIK & LYNCH LLP** • *ATTORNEYS AT LAW*
136 WEST MAIN STREET • POST OFFICE BOX 2950 • NEW BRITAIN, CT 06050-2950 • (860) 229-4855 • (860) 225-8403 • JURIS NO. 37765
FAX: (860) 223-4026

42.     As to the explanation of "Siberia," as sworn to and documented by Affidavit of Marineau: The Plaintiff denies an assertion not made, i.e., that every employee served the same amount of time in "Siberia."

43.     As to details of all employees' assignments to "Siberia" over a five month period, as sworn to by Defendant Marineau: The Plaintiff's denial is totally non-responsive.

48.     As to the Plainitff's contacts with Mr. Cunningham regarding the time cards, and his motivations for that: The Plaintiff's denial is equivocal, as he has always been, with respect to whether he did or did not speak with Mr. Cunningham.

55.     As to the assignment of crew leader: The Plainitff's denial does not address the assertion, but runs off into hearsay.

65.     As to the complaints of Becker's alleged harassment: The Plaintiff seems to deny this statement only to the extent that he did not complain from 1993 to the present, but then explains that Kaine (not Becker) harassed him in this period and offers an excuse for not complaining about that. This is totally non-responsive.

78.     As to the recitation of the Plaintiff's employment status from June 19, 2001 through April 29, 2002: The Plaintiff's denial is totally non-responsive.

In the category of **denials of assertions previously sworn to by the Plaintiff, the inconsistency of which is not explained,** virtually every 56(a)(1) assertion citing to the Plaintiff's Deposition testimony, which assertion is denied, suffers this deficiency. Leading

4

this list are the denials of statements 66-73 pertaining to the fact that Plaintiff can identify no adverse decisions by any of the Town Defendants, not does he claim or can he prove that any of the Town Defendants retaliated against, harassed or defamed him. Other statement suffering this deficiency are as follows: 7, 15, 21, 22, 24, 31, 34, 35, 36, 38, 39, 41, 42, 48, 52, 55, and 65.

To the extent that these denials, and the corresponding assertions of material facts in dispute, as recited in "Plaintiff's Joint Material Facts in Dispute in Support of His Opposition to All of the Defendants' Motion to Dismiss," dated November 19, 2004, are offered as genuine issues of material fact requiring trial, it is respectfully submitted that they should be disregarded by the Court for the reasons recited.

Dated at New Britain, Connecticut, this 6th day of December, 2004.

DEFENDANTS,
TOWN OF PLAINVILLE, ET AL.,

BY: _____
Dennis G. Ciccarillo, Esquire
Fed. Bar # ct06580
Eisenberg, Anderson, Michalik & Lynch LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050
Tel: (860) 225-8403

5

## CERTIFICATION

I certify that a copy of the foregoing was mailed, postage prepaid, this 6th day of December, 2004 to the following counsel of record:

Erin I. O'Neil, Esq.
James S. Brewer, Esq.
818 Farmington Avenue
West Hartford, CT 06119

Alexandria L. Voccio, Esq.
Michael J. Rose, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

J. William Gagne, Jr., Esq.
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Dennis G. Ciccarillo

6