**FILED**

2004 DEC -6  P 2: 54

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------X
                       )

RICHARD B. MALLETT,     )      CIVIL ACTION NO.
        Plaintiff    )      3:01 CV 1137 (AHN)
                       )
VS.                   )
                       )
TOWN OF PLAINVILLE, ET AL., )      December 6, 2004
        Defendants   )
                       )
-------------------------------------------------X

## OBJECTIONS TO PLAINTIFF'S AFFIDAVIT

The Defendants, Town of Plainville, John Bohenko, Robert Jackson, Shirley Osle, Robert Jahn, and Janet Marineau, (hereinafter, "the Town Defendants"), hereby object to certain identified statements in the Plaintiff's Affidavit dated November 18, 2004, and offered in support of his opposition to the Motions for Summary Judgment. The reasons for objection include hearsay, conclusory averments, unfounded and self-serving declarations, and speculation.

In opposing a motion for summary judgment, the non-moving party may not rely on mere allegations, legal conclusions, unsupported statements or a denial of the pleadings, see, Celotex Corp v. Catrett, 477 U. S. 317, 327 (1986); Fed.R.Civ.P 56(e), but the adverse party's response must set forth, by affidavit or otherwise, specific facts. In order to defeat a motion for summary judgment, the non-moving party must present contradictory evidence "such that

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP • ATTORNEYS AT LAW
136 WEST MAIN STREET • POST OFFICE BOX 2950 • NEW BRITAIN, CT 06050-2950 • (860) 229-4855 • (860) 225-8403 • JURIS NO. 37765
FAX: (860) 223-4026

a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid the court's consideration of a document which fails to conform to Rule 56(e)'s formal requirements, a party may move to strike or object in a timely way. See, e.g., Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909, 912 n. 8 (8th Cir. 1996).

The Plaintiff's Affidavit dated November 18, 2004 re-avers many of the allegations in his Complaint. The object of Rule 56 is not to replace conclusory averments in a pleading with conclusory allegations in an affidavit. See, Lujan v. National Wildlife Fed'n, 497 U. S. 871, 888 (1990); Hollander v. American CyanamideCo., 172 F. 3d 192, 198 (2d Cir. 1999). Similarly, hearsay does that not fall under one or more of the exceptions set forth in Rule 803-805 of the Federal Rules of Evidence, may not properly be considered. See, Adickes v. S. H. Kress & Co., 398 U. S. 144, 159 (1970); Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155 (2d Cir. 1999) (hearsay statements inadmissible). Also, when a non-moving party relies only on his own affidavit to oppose summary judgment, his affidavit may not be conclusory or unsupported by factual data. Delange v. Dutra Const. Co., 183 F.3d 916 (9th Cir. 1999). Speculation or conjecture is inappropriate. See, Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir. 1999) cert. denied, 528 U. S. 986 (1999). Documents submitted must be identified and authenticated on personal knowledge. See, Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000).

2

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP · ATTORNEYS AT LAW
136 WEST MAIN STREET · POST OFFICE BOX 2950 · NEW BRITAIN, CT 06050-2950 · (860) 229-4855 · (860) 225-8403 · JURIS NO. 37765
FAX: (860) 223-4026

The Defendants claim that the Plaintiff's Affidavit is deficient and they object to its consideration to the following extent, identifying the numbered paragraph and the reason:

4, 5, 6, 9, 17, 20, 25, 34.        ". . . I was harassed and threatened. . .," "continued to harass," "participated in this harassment," "constant harassment"-- Conclusory and unsupported by facts.

13.      "This reassignment forced me to take a cut in pay." – Conclusory.

23, 24. "Defendants Paradis and Watkins were aware of the activity and failed to take action." – Conclusory, speculative.

29.      " . . . a co-worker . . .stated that . . ." – Hearsay.

30.      " . . . Tingle approached me and threatened that . . ." – Hearsay.

33.      "Plainville resident Bill Cunningham made a request for time cards. . ." – not averred on personal knowledge.

36.      "Tingle told Winkler . . . I reported the conversation to Marineau. . ." – Hearsay.

37.      "Tingle again approached Winkler . . . and repeated the negative comments . . ." – Hearsay.

38.      ". . .was promoted . . . with the approval of Marineau." – Conclusory, speculative.

3

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP  •  ATTORNEYS AT LAW
136 WEST MAIN STREET    •   POST OFFICE BOX 2950   •   NEW BRITAIN, CT 06050-2950   •   (860) 229-4855   •   (860) 225-8403   •   JURIS NO. 37765
FAX: (860) 223-4026

44.      " I did not report what Becker said at this time because I feared further retaliation." -- Conclusory, speculative, without any reference point for past retaliation, or factual statement of what kind of "retaliation" at whose hands.

45.      ". . . plaintiff was retaliated against . . ." – Conclusory, undefined, unsupported by facts.

46.      "I suffered loss of compensation from being denied the role of back up helper in the lab." -- Conclusory, unsupported by facts.

47.      "Kaine wanted to isolate me in 'Siberia' to cause further psychological damage." – Speculative.

49.      ". . . I was told by a co-worker that . . ." – Hearsay.

50.      "Bohenko, Jackson, Osle, John [sic], and Marineau knew, or should have known that I was not being treated fairly as I had sent a 12 page letter to Osle detailing my misery." -- Conclusory, speculative, unsupported by facts; no such document appended, properly identified or authenticated.

51.      "I repeatedly pleaded for the Town . . . I asked for a transfer out of WPC, which was denied and I could not return to the environment." -- Conclusory, unsupported by facts, including who, what, when, etc.

4

While none of the foregoing objected-to statements are sufficient to raise issues of material fact, the Defendants contend that they should be disregarded for the grounds recited.

Dated at New Britain, Connecticut, this 6th day of December, 2004.

DEFENDANTS,
TOWN OF PLAINVILLE, ET AL.,

BY: _____

Dennis G. Ciccarillo, Esquire
Fed. Bar # ct06580
Eisenberg, Anderson, Michalik & Lynch LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050
Tel: (860) 225-8403

## CERTIFICATION

I certify that a copy of the foregoing was mailed, postage prepaid, this 6th day of December, 2004 to the following counsel of record:

Erin I. O'Neil, Esq.
James S. Brewer, Esq.
818 Farmington Avenue
West Hartford, CT 06119

Alexandria L. Voccio, Esq.
Michael J. Rose, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

5

J. William Gagne, Jr., Esq.
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Dennis G. Ciccarillo

6