```
                                                    FILED

                                                    2004 DEC -6  P 2: 54

                                                    U.S. DISTRICT COURT
                    UNITED STATES DISTRICT COURT    BRIDGEPORT, CONN
                        DISTRICT OF CONNECTICUT
```

---------------------------------------------x
                                             )
RICHARD B. MALLETT,                          )    CIVIL ACTION NO.
        Plaintiff                            )    3:01 CV 1137 (AHN)
                                             )
VS.                                          )
                                             )
TOWN OF PLAINVILLE, ET AL.,                  )    December 6, 2004
        Defendants                           )
                                             )
---------------------------------------------x

## REPLY BRIEF OF THE DEFENDANTS

The Defendants, Town of Plainville, John Bohenko, Robert Jackson, Shirley Osle, Robert Jahn, and Janet Marineau, (hereinafter, "the Town Defendants"), pursuant to Local Rules 6 and 7(d), hereby replies to the Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment ("Plaintiff's Memo").

The Town Defendants have this day filed an Objection to Plaintiff's Affidavit, focusing on deficiencies of the Plaintiff's Affidavit dated November 18, 2004, and has also filed an Objection to Plaintiff's Local Rule 56(a) Statement in Opposition to the Town Defendants' Motion for Summary Judgment. In summary, the Plaintiff has failed to raise or identify any genuine issue as to a material fact in dispute that would defeat summary judgment against him and require a trial. Additionally, the Plaintiff's Memo simply does not address the many deficiencies of his case that have been briefed by the Town Defendants.

In opposing a motion for summary judgment, the non-moving party may not rely on mere allegations, legal conclusions, unsupported statements or a denial of the pleadings, see, Celotex Corp v. Catrett, 477 U. S. 317, 327 (1986); Fed.R.Civ.P 56(e), but the adverse party's response must set forth, by affidavit or otherwise, specific facts. In order to defeat a motion for summary judgment, the non-moving party must present contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Plaintiff's Memo includes occasional bare declarations such as

-there are genuine issues (page 1),

-"Defendants attempt to confuse and misstate plaintiff's first amendment claims articulated in complaint," (page 12),

-"Defendants actions created a hostile environment in violation of his aforementioned constitutional rights. Evidence exists to indicate that defendants created a racially hostile environment," (page 15),

-"Plaintiff was deprived of his constitutional due process and because the facts support this claim," (pages 19-20), and

-"Defendants' behavior toward plaintiff 'shocks the conscience' and constitute a violation of his substantial due process rights," (page 20-21).

2

The Plaintiff's Memo also asserts, in just so many words, in his section headings, either that the Plaintiff's rights were violated or that the Defendants retaliated or took adverse action. Such declarations and assertions are the sum total of the Plaintiff's argument, i.e., there is no identification or discussion of any genuine factual issue, and there is no discussion of any of the specific deficiencies of claim or proof that the Town Defendants cite in their Memorandum in Support of Summary Judgment dated September 30, 2004.

The Plaintiff's implicit argument seems to be that, from the "Facts" recited at pages 2-9 of his Memo, it is self-evident that the alleged harassment by a few co-workers constitutes various causes of action against them and the Town Defendants. Essentially, these "Facts" are little more than a reworded recitation of the conclusory allegations chronologically set forth in the Complaint. For example, the essence of this Fact summary is that Plaintiff was harassed, without the identification of any purpose or motivation for the harassment, that profanity is bad (page 2), that he was forced into a reassignment in 1992 (pages 3-4) despite his acknowledgment that he agreed to this, with advice of counsel, in settlement of a workers compensation claim, and that the Town had the temerity to require proof of medical fitness for him to return to the WPC (page 4) even after he had maintained that he was medically unable to continue there (page 3).

With the sole exception of his assertion that his 1993 reports to Defendant Bohenko were reports of "sexual harassment," (page 6), nowhere in these Facts does the Plaintiff begin

3

to identify any particular motivation for the alleged harassment; essentially, he claims that any harassment that has caused him "misery" and suffering is actionable. He continues to assert that he was "permanently assigned" to Siberia for four months (page 6), without any showing that Defendant Marineau's report (Marineau Affidavit) on the relative lengths of time he and co-workers were assigned there. He continues to assert that he was denied overtime contrary to past practice and union agreement, notwithstanding the decision of a panel of arbitrators that such was not the case (Osle Affidavit; Plaintiff's Local Rule 56(a) Statement, Par. 58) and that, in any event, such denial is not claimed to be Town retaliation for anything (Plaintiff's Local Rule 56(a) Statement, Par. 59).

Strikingly, the Plaintiff continues to leave ambiguities as to whether, and to what extent, he ever spoke to Mr. Cunningham regarding the time card issue, and he does not create any issue with respect to whether he was motivated as a citizen to speak on a matter of public concern. He does not deny that his motivation for answering some questions from Mr. Cunningham was that he was not happy with the way the place had been run for years. See, Plaintiff's Local Rule 56(a) Statement, Par. 48; Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999) (speech on a purely private matter, calculated to redress personal grievances or because of an employee's dissatisfaction with the conditions of his employment, does not pertain to a matter of public concern).

4

The Plaintiff still has not identified any adverse employment action taken against him; while he purports to deny his earlier sworn statements that none of the Town Defendants made any decisions with respect to his employment and did not retaliate against, harass or defame him (see, Plaintiff's Local Rule 56(a) Statement, Pars. 66-73; Objection to Plaintiff's Local Rule 56(a) Statement), it remains a guess as to what he claims constituted any adverse employment action. For the same reasons, the substantive due process claim, requiring egregious, outrageous behavior that shocks the contemporary conscience, County of Sacramento v. Lewis, 523 U. S. 833, 848 (1998), must fail.

With respect to the Title VII and Section 1983 claims (Monell Count), the Plaintiff recites law on this claim (Memo, pp. 22-24), but never identifies either a custom, policy or decision that violated his constitutional rights, nor does he identify any decision-maker of any such custom, policy or decision who might be argued as having final decision-making authority under Pembaur v. City of Cincinnati, 475 U. S. 469, 483-484 (1986).

In sum, considering all of the summary judgment pleadings, there is little more than the conclusory allegations of Plaintiff's Complaint. Considering Plaintiff's responses to the Town Defendants' arguments, there remain no genuine issues of material fact. Accordingly, it is respectfully requested that the Defendants' Motion for Summary Judgment be granted.

Dated at New Britain, Connecticut, this 6th day of December, 2004.

**EISENBERG, ANDERSON, MICHALIK & LYNCH LLP** • *ATTORNEYS AT LAW*
136 WEST MAIN STREET • POST OFFICE BOX 2950 • NEW BRITAIN, CT 06050-2950 • (860) 229-4855 • (860) 225-8403 • JURIS NO. 37765
FAX: (860) 223-4026

DEFENDANTS,
TOWN OF PLAINVILLE, ET AL.,

BY: _____
Dennis G. Ciccarillo, Esquire
Fed. Bar # ct06580
Eisenberg, Anderson, Michalik & Lynch LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050
Tel: (860) 225-8403

## CERTIFICATION

I certify that a copy of the foregoing was mailed, postage prepaid, this 6th day of December, 2004 to the following counsel of record:

Erin I. O'Neil, Esq.
James S. Brewer, Esq.
818 Farmington Avenue
West Hartford, CT 06119

Alexandria L. Voccio, Esq.
Michael J. Rose, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

J. William Gagne, Jr., Esq.
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Dennis G. Ciccarillo

6