UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD B. MALLETT | : | NO.:  3:01CV1137 (AHN) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF PLAINVILLE; ET AL | : | DECEMBER 13, 2004 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, DONALD BECKER, JAMES KAINE AND MICHAEL CONKLIN'S, MOTION FOR SUMMARY JUDGMENT**

**I.      REMAINING CLAIMS AGAINST BECKER, KAINE AND CONKLIN:**

The plaintiff withdrew his claims against Donald Becker, James Kaine and Michael Conklin set fourth in Counts Five and Seven for threatening, harassment and intimidation in violation of Connecticut General Statutes §§ 53a-62 and 46a-71 and the common law.  See Plaintiff's Memorandum, p. 1.  The only claims now remaining against these individual defendants are:  (i) alleged violation of the plaintiff's First and Fourteenth Amendment rights by (a) retaliating against him for disclosing what he believed to be workplace impropriety, and (b) carrying out a pattern of harassment and intimidation.  See Plaintiff's Complaint, Count One, ¶¶ 55-56, and Count Two, ¶¶ 64-69; and (ii) intentional infliction of emotional distress.  See Plaintiff's Complaint, Count Eight.

ORAL ARGUMENT IS REQUESTED

**II.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO THE PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM (COUNT ONE).**

The plaintiff claims in his opposition to the defendants motion for summary judgment that he engaged in the following protected speech: (I)  In 1992, 1993, 1994, 1995, 2001 and 2002, complaining to his supervisors regarding the harassment he suffered at the hands of Becker Kaine and Conklin.  *Plaintiff's Material Facts In Dispute (hereinafter "Plaintiff's Facts"), ¶¶ 20, 79, 80, 82, 83); (2) Voluntarily providing information to a local resident about corruption and falsification of time cards, information which ended up in newspaper articles that outlined the improprieties of the WPC.  (Exhibits 8, 9; Plaintiff's Facts, ¶¶ 78, 70, 68, 62, 61, 60, 59.) ; and (3) Filing grievances in 1994 and 2002 regarding improprieties in the workplace.  (Plaintiff's Facts ¶¶ 42, 80, 81.); (4) Voluntarily providing information as part of a sexual harassment investigation regarding Becker and his harassment of a co-worker. Plaintiff's Facts P 36.  (5) Refusing to vote for Becker at a Union election in 1999.

The plaintiff's first claim that he engaged in protected speech in 1992, 1993, 1994, 1995, 2001 and 2002, by complaining to his supervisors regarding the harassment he suffered at the hands of Becker Kaine and Conklin is incorrect as a matter of law.  A review of the plaintiff's material facts in dispute ¶¶ 20, 79, 80, 81, 82, 83, reveals that he only spoke out as an employee upon matters of personal interest. The content, form and context of the plaintiff's material facts exposes that they do not address a matter of public concern.  Specifically, Plaintiff's Facts ¶ 79-83 state that the

2

plaintiff submitted grievances or complained regarding his treatment, harassment or safe environment.  As argued in our motion for summary judgment, when an employee speaks out only upon matters of personal interest, that employee may not rely on the First Amendment to protect him.  The plaintiff spoke out only on matters of private interest.

The plaintiff's second claim that voluntarily providing information to a local resident about corruption and falsification of time cards constitutes protected speech is also incorrect as a matter of law.  As argued in our motion for summary judgment, the speech is not protected under the First Amendment because of the context and intent of the speech.  According to the plaintiff, the resident, a neighbor approached him and the plaintiff simply responded to the neighbor's questions.  The plaintiff does not even recall speaking to the neighbor about time cards.  Moreover, the plaintiff denies seeking out any resident neighbor to expose any wrongdoing within the town.  The speech was in the context of casual conversation between neighbors and where the employee was not motivated as a citizen to speak out on a matter of public concern, the speech is not protected.

The plaintiff's third claim that his grievances filed in 1994 and 2002 regarding improprieties in the workplace constitute protected speech is also incorrect as a matter of law.  As addressed and argued in defendants' motion for summary judgment, these grievances were not protected speech under the First Amendment.  They did not address a matter of public concern and the plaintiff was motivated by his own employment situation.

The plaintiff's fourth claim that voluntarily providing information as part of a sexual harassment investigation regarding Becker constituted protected speech is also incorrect as a matter of law.  As argued in our motion for summary Judgment, plaintiff was not speaking out on a matter of public concern but was addressing complaints of a personal interest in that meeting.  He did not attempt to debate the issue of sexual harassment, but instead responded to Bohenko's questions regarding what he witnessed.  As such, the First Amendment did not protect the plaintiff's speech.

The plaintiff's fifth claim that refusing to vote for Becker at a union election in 1988 constituted protected speech is also incorrect.  As argued in our motion for summary judgment, the plaintiff's failure to attend the union meeting or sign a union petition does not constitute protected conduct under the first amendment.  Union elections are not a matter of public concern.  The plaintiff was not attempting to make a political statement by not attending the meeting or voting for Becker, but simply skipped a meeting to work a part-time job.  His motivation was not to speak out as a citizen on a matter of public concern.

Additionally, pursuant to § 52-557, any alleged wrongful conduct against defendants Donald Becker, James Kaine, and Michael Conklin that occurred prior to June 1998 is barred by the statute of limitations as a matter of law.

Moreover, the plaintiff was not subject to any adverse employment action.  The plaintiff claims in his opposition to defendants' motion for summary judgment that in October 2000 he was promoted by Marineau to crew leader for one day, and the promotion was revoked after one day and the plaintiff was demoted by Marineau at the

behest of Becker and Kaine.  Becker and Kaine were the plaintiff's coworkers.  They could not promote or demote the plaintiff.  Neither of them made hiring, firing or promotion decisions.  They are not the final decision makers for the town.  They simply did not have the power to revoke the plaintiff's promotion.

The plaintiff also claims that in November 2000 Becker and Kaine denied him overtime opportunities.  The plaintiff testified that in 1995-1996, the plaintiff and Becker alternated overtime until such time as the plaintiff failed to call in Becker on one occasion.  From then on, Becker began adhering to the standard practice of the senior man's right of first refusal as to all overtime.  Becker did not treat the plaintiff less favorably than others, but in fact, had previously treated him more favorably.   That is the only overtime issue that the plaintiff has ever testified about.

Apparently, the claim is that he was also denied overtime in 2000.  To the extent the court finds this was an adverse employment action the claim still fails because (I) it was not protected speech under the First Amendment, and (II) it does not touch on a matter of public concern.  It deals with denial of overtime opportunities to the plaintiff only.  It is a matter of personal interest to the plaintiff.  He was not motivated to speak out as a citizen on a public concern.

The plaintiff has offered no evidence to show that his speech was a substantial motivating factor behind any alleged adverse employment action.  The plaintiff must aver some tangible proof demonstrating that his protected speech animated the adverse employment action.  The plaintiff may not rely on conclusory assertions of a retaliatory motive.

### III.    THE DEFENDANT'S ARE ENTITLED TO SUMMARY JUGMENT AS TO THE PLAINTIFF'S DUE PROCESS CLAIM (COUNT TWO).

The plaintiff claims in his opposition to defendants' motion for summary judgment that he was deprived of his procedural due process because he was demoted from his position as crew leader without any process or explanation. The and was denied the ability to earn overtime or work in the lab to gain experience and skills without any process. The plaintiff cannot prevail on this claim because he was not deprived of a liberty interest protected under the Fourteenth Amendment. The plaintiff still has not even identified the liberty interest that he contends he was denied.

As we know, for a person to have a sufficient property interest in something to be entitled to constitutional protection, he must "have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). "Personnel decisions short of termination do not constitute a deprivation under the due process clause of the Fourteenth Amendment." Wargat v. Long, 590 F. Supp. 1213, 1215 (D. Conn. 1984). As a matter of law, being demoted from his position as crew leader and denied the ability to earn overtime or work in the lab to gain experience and skills is not a deprivation of a liberty interest protected under the Fourteenth Amendment.

### A.     No Substantive Due Process Violation

The plaintiff claims in his opposition to defendants' motion for summary judgment that he was deprived of his substantive due process rights when he was demoted and the defendant's behavior shocked the conscience.  The plaintiff cannot prevail on this claim because he was not deprived of a property or liberty interest protected under the Fourteenth Amendment and the conduct of the individual defendants does not shock the conscience as a matter of law.

[T]o establish a violation of either substantive or procedural due process, plaintiff must initially show that [he] was deprived of a property or liberty interest. Gordon v. Nicoletti, 84 F.Supp.2d 304, 309 (D. Conn. 2000).  The plaintiff claims in his motion for summary judgment that a promotion is the property interest he was deprived.  As argued in our motion for summary judgment, the plaintiff was not subject to a negative employment action by these defendants.  These individual defendants could not deprive the plaintiff of his property interest in a promotion because did not have the authority to do so.  Becker, Kaine and Conklin were not final decision makers for the Town, but were merely the plaintiff's coworkers they simply did not have the power to promote or demote the plaintiff.

Moreover, the plaintiff has not pled or established any facts that show a contractual right to the promotion.  Without first establishing the right to the promotion, the plaintiff is not entitled to claim a property interest in the promotion.  See, Ezek v. NYC Health & Hosp. Corp. 940 F.2d 775, 783 (2d Cir. 1991) (a contractual right of promotion to the position of Chief Resident in a public hospital was found to constitute a significant property interest that would be protected under state law).

Additionally, while arguably the defendants' conduct may have been juvenile and/or inappropriate in a place of business, there is nothing about the alleged conduct that is brutal or shocking to the conscience.  See, County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998).

**IV.    The Defendants Are Entitled To Summary Judgment As To The Fourteenth Amendment Equal Protection Claim.**

The plaintiff claims for the first time in his opposition to defendants' motion for summary judgment a Fourteenth Amendment Equal Protection violation.  Plaintiff's opposition to defendants' motion for summary judgment pp. 28-30.  A review of the plaintiff's complaint reveals that he has not pled a Fourteenth Amendment Equal Protection violation.  Therefore, the Court should not review the plaintiff's claim.

Assume *arguendo*, however, that the Court determines the plaintiff has plead facts sufficient to establish a claim for a Fourteenth Amendment Equal Protection

violation the claim still fails as a matter of law.  Section 1983 provides a right of action against any person who, acting under color of law, deprives another of a right, privilege, or immunity secured by the Constitution or federal laws.  See 42 U.S.C. §1983; Rendell-Baker v. Kohn, 457 U.S. 830, 835 (1982).  Section 1983 does not create any substantive rights, but rather provides a procedure to redress the deprivation of federal rights that are guaranteed elsewhere.  See Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  In order to succeed on a §1983 claim, the plaintiff must establish that the defendants had the requisite state of mind for the underlying violation.  See Board of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 405 (1997).

The plaintiff alleges in his opposition memorandum that he has been the subject of a campaign targeted against him to make his employment insufferable and he was outcast and ostracized by all members of the WPC staff.  He further claims no other employee was subjected to such a continuous and intentional pattern of harassment and retaliation.  Presumably, the plaintiff alleges these actions by the defendants violated his right to equal protection.  This conduct did not deprive the plaintiff of any of his constitutional rights.

"Proof of … discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."  Silver v. City University of New York, 947 F.2d 1021, 1022 (2nd Cir. 1991), *quoting*, Arlington Heights v. Metropolitan Housing Development

Corp., 429 U.S. 252, 265 (1977).  The individual defendants are entitled to summary

judgment as to the plaintiff's equal protection claim because there is no evidence that

they acted with discriminatory intent.  The plaintiff has submitted no evidence that

Becker, Kaine or Conklin carried out the above-referenced actions *on account of* the

plaintiff's race, color, age or disability.  Therefore, the plaintiff's claim must fail.

Further, Becker, Kaine and Conklin are entitled to qualified immunity.  The

federal doctrine of qualified immunity will protect municipal employees acting in their

official capacity against §1983 suits unless the following two conditions are met: (i) the

employee's actions violate clearly established constitutional or statutory rights; and (ii)

a reasonable official in the same position would have known that the challenged

conduct violated that established right.  See Harlow v. Fitzgerald, 457 U.S. 800, 818

(1982); Lennon v. Miller, 66 F.3d 416, 422 (2nd Cir. 1995); Saucier v. Katz, 533 U.S.

194, 202 (2001).  The defense is "an immunity from suit rather than a mere defense to

liability; and like an absolute immunity, it is effectively lost if a case is erroneously

permitted to go to trial."  Saucier, 533 U.S. at 200-01, *quoting*, Mitchell v. Forsyth, 472

U.S. 511, 526 (1985).

In this case, these individual defendants are entitled to qualified immunity because (i) they did not violate the plaintiff's clearly established rights, and (ii) it was objectively reasonable for them to believe that they were not violating a clearly established right of the plaintiff.

## V.    CONCLUSION

For the reasons above and in the defendants' prior memorandum of law, the defendants respectfully request that the court grant their motion for summary judgment

                        DEFENDANTS,
                        DONALD BECKER, JAMES KAINE and
                        MICHAEL CONKLIN


                         By   /s/ Michael; J. Rose
                           Michael J. Rose [ct14803]
                           Howd & Ludorf
                           65 Wethersfield Avenue
                           Hartford, CT  06114
                           (860) 249-1361
                           (860) 249-7665 (Fax)
                           E-Mail:  mrose@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 13th day of December, 2004.

James S. Brewer, Esquire
Erin I. O'Neil-Baker, Esquire
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT  06119

Robert Michalik, Esquire
Plainville Town Counsel
Eisenberg, Anderson, Michalik & Lynch
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

J. William Gagne, Jr., Esquire
Gagne & Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT  06109

   /s/ Michael J. Rose
Michael J. Rose