UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD MALLETT,<br>PLAINTIFF<br>VS.<br>TOWN OF PLAINVILLE, ET AL<br>DEFENDANTS | CIVIL ACTION NO.<br>3:01-CV-1137(AHN)<br><br>DECEMBER 15, 2004 |

### DEFENDANTS, BUTCH PARADTS. STEVEN CLARK AND AFSCME LOCAL 1303-56 OBJECTION TO THE PLAINTIFF'S LOCAL RULE 56fa) STATEMENT IN OPPOSITION TO THE DEFENDANTS'

### MOTION FOR SUMMARY JUDGMENT

The Defendants Butch Paradis, Steven Clark and the American Federation of State, County and Municipal Employees, Local 1303-56 [hereinafter "Union Defendants"], hereby object to the Plaintiffs Local Rule 56(a)(2) statement, specifically his denials of several statements of material facts. The Plaintiff has denied statements that he had earlier admitted under sworn testimony. Such recent denials are not explained. Therefore, they do not support the assertion that there are genuine issues for trial, and should be disregarded by the Court.

A party cannot defeat summary judgment by simply denying in a Local Rule 56(a)(2) response a statement that was earlier admitted in sworn testimony. To create a genuine issue for trial sufficient to defeat summary judgment, the party must offer an explanation for the inconsistency that the court finds adequate to allow a reasonable juror to both accept the current denial and still assume the truth of, or the individual's good faith belief in the earlier sworn testimony. Cleveland v. Policy Management Sys. Corp.. 526 U.S. 795, 804(1999).

Specifically, It 31, 33 and 35 in Plaintiffs Local Rule 56(a)(2) Statement in response to the Union Defendants' Local Rule 56(a)(l) Statement deny assertions previously sworn to by the Plaintiff in deposition testimony. Such statements pertain to the fact that Plaintiff can identify no facts as a basis that Union president Butch Paradis knew of the activity against Mallctt but failed to take action. The Plaintiff cannot attempt to defeat summary judgment by denying sworn testimony and presenting copies of grievance forms not signed by any union official. [Exhibit 13] The spaces provided for "Signature of Union Representative" and "Hate Presented to Management Representative" are completely blank.

The Plaintiff testified at his deposition that he does not recall on what bases the assertion that Paradis was aware of the alleged activity against the Plaintiff or of the misuseof town property. [Exhibit A, pp. 18-19,22-23] The Plaintiff also testified that he does not recall filing specific grievances against Kaine or filing any grievances as to the misuse of town property. [Exhibit A, pp. 21-22]     No explanation for contradicting the sworn testimony with the recent denials has been given, and the grievance forms presented do not contain the signature of any Union representative.

For the above stated reasons, the denials of assertions previously sworn to by the Plaintiff, with such inconsistency not explained, must be disregarded by the Court, and do not support any assertion that there are genuine issues for trial.

Respectfully submitted,
DEFENDANTS, BUTCH
PARADIS, STKVEN CLARK and
AFSCME. LOCAL 1303-56

BvVd^M/i



,1. William Gagne, Jr.    /
Law Office of J. William Gagne Jr.
      & Associates, P.C. 970
Farmington Avenue, Suite 207 West
Hartford, CT 06107 Telephone:
(860) 522-5049 Facsimile:
(860)561-6204
Fed.BarNo.ct02126 Email:
jwgagne@snet.net

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mai!, postage prepaid, on December 15, 2004, to all counsel and pro se parlies of record, as set forth below:

Erin O'Neil, Esq. Brewer &
O'Neil 818 Farmington
Avenue West Hartford, CT
06119

Dennis G. Ciccarillo, Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950

Michael J. Rose, Esq.
Alexandria Voccio, Esq.
Howd & Ludorf 65
Wethersfield, Avenue
Hartford, CT 06114

_____
J. William Gagne, Jr.