UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2005 JAN 20  P 4: 18

| | | |
|---|---|---|
| RICHARD MALLETT, | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:01-CV-1137(AHN) |
| | : | U.S. DISTRICT COURT |
| VS. | : | BRIDGEPORT, CONN |
| | : | |
| TOWN OF PLAINVILLE, ET AL | : | DECEMBER 15, 2004 |
| DEFENDANTS | : | |

### DEFENDANTS, BUTCH PARADIS, STEVEN CLARK AND AFSCME LOCAL 1303-56 REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7(d), Butch Paradis, Steven Clark and the American Federation of State, County and Municipal Employees, Local 1303-56 [hereinafter "Union Defendants"], hereby reply to the Plaintiff's Memorandum in Opposition to Defendant' Motions for Summary Judgment. The Plaintiff has withdrew his claims set forth in Counts Five, Six and Seven, for Assault and Threatening against all Defendants. Plaintiff's Memorandum at p.1. The only claims now remaining against the above listed Defendants are Counts One, Two, Four and Eight of the Plaintiff's Complaint dated June 19, 2001.

### I.  REPLY

The Plaintiff has failed to raise or identify any genuine issue as to a material fact in dispute that would defeat summary judgment against him and require a trial. Additionally, the Plaintiff's brief does not address the many deficiencies of his case that have been briefed by the Union Defendants, particularly as to Count Four, Breach of the Duty of Fair Representation. No where in the Plaintiff's brief does he specifically object to the Union's claims that he has not properly alleged or proved a viable claim for the

breach of the duty of fair representation or that Union agents may not be held individually liable.

In opposing a motion for summary judgment, the non-moving party may not rely on mere allegations, legal conclusions, unsupported statements or a denial of the pleadings. Celotex Corp v. Catrett, 477 U.S. 317, 327 (1986). The adverse party's response must set forth, by affidavit or otherwise, specific facts. Fed.R.Civ.P. 56(e). In order to defeat a motion for summary judgment, the non-moving party must present contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Plaintiff simply makes such bare conclusory statements as: "The union does not act on behalf of its members and is weak." Plaintiff's Memorandum at p.9. The Plaintiff has not set forth any specific facts. The Plaintiff's Memorandum has not identified or discussed any genuine factual issue, and there is no objection or discussion regarding any of the deficiencies of claim or proof that Union Defendants argued in their Motion for Summary Judgment.

The Plaintiff has simply reworded the conclusory allegations set forth in his complaint. The Plaintiff simply continually states that the Union Defendants "were aware of the activity and failed to take action." Plaintiff's Memorandum at p.5.

As a matter of law, the Plaintiff cannot recover damages against the Union Defendants as individuals where the allegations focus on their conduct as union president. Morris v. Local 819, 169 F.3d 782 (2d Cir.1999); Covello v. Depository Trust Co., 88 F.Supp.2d 59, 61 (E.D.N.Y.2000); Butler v. McCarty, 740 N.Y.S.2d 801, 808,

191 Misc.2d 318, 327 (2002); Stafford v. Meek, 762 So.2d 925, 926 (Fla.App. 2000). The Plaintiff has made no objection to such argument by the Union Defendants.

Additionally, the record is clear. In his deposition on July 20, 2004, the Plaintiff testified that he does not recall any of the specifics as to what the union failed to do. No where in the Plaintiff's brief does he object to the Union Defendants argument that he has failed to allege or prove a viable claim for breach of the duty of fair representation. "Arbitrary or bad-faith conduct...or substantial evidence of fraud, deceitful action or dishonest conduct...is required to show a breach of the duty of fair representation." Cruz v. Local Union No. 3 of the Int'l. Bhd. Of Electrical Workers, 34 F.3d 1184, 1154 (2d Cir. 1994), quoting Ryan v. New York Newspaper Printing, 590 F.2d 451, 455 (2d Cir. 1979) [ellipses in Cruz]. The Plaintiff has presented no such evidence.

The Plaintiff states in his memorandum: "The Union's activities toward the plaintiff include the failure of the union to pursue the plaintiff's grievances or to act on the plaintiff's complaints." Plaintiff's Memorandum at p.17. The Plaintiff presents no evidence of this claim and only presents this conclusory statement. The copies of grievances presented by the Plaintiff are unsigned. [Exhibit 13] The space provided for "Signature of Union Representative" and "Date Presented to Management Representative" are completely blank. Additionally, as a matter of law, the Plaintiff's claim must fail. Mere negligence or tactical errors on the part of the Union in processing a grievance do not constitute a breach of the duty of fair representation. Barr v. United Parcel Service, 868 F.2d 36, 43-44 (2d Cir. 1989); Murphy v. Air Transport Local 501, 123 F.Supp.2d 55, 58 (D.Conn. 2000); Fleming v. The Stop & Shop Supermarket Co., 36

F.Supp.2d 87, 90-91 (D.Conn. 1999). Therefore, the Union Defendants are entitled to summary judgment as to Count Four.

Likewise, the Union Defendants are entitled to summary judgment as to the Plaintiff's First Amendment Retaliation Claim in Count One. The Plaintiff's material facts in dispute ¶¶20,79,80,81,82,83 regarding his complaining about harassment reveal that he did not engage in protected speech. Protected speech must address a matter of public concern. The Plaintiff only spoke about matters of personal interest.

The Plaintiff also argues that his grievances regarding improprieties in the workplace constitute protected speech. Plaintiff's Memorandum at p. 14. Such argument is incorrect as a matter of law. Clearly, the grievances are not protected speech under the First Amendment. Any grievances that the Plaintiff claims to have filed are motivated by his own employment situation and personal interest.

Additionally, the Union is a private entity without any government involvement. The Union Defendants were not acting "under color of law," as required for a First Amendment retaliation claim. The Plaintiff has not alleged any acts of harassment or retaliation by the Defendants Clark and Paradis. The Plaintiff has simply "thrown" Defendants Clark and Paradis into the First Count. As a matter of law, the Plaintiff cannot recover damages against the Union Defendants as individuals where the allegations focus on their conduct as union president. Morris v. Local 819, 169 F.3d 782 (2d Cir.1999); Covello v. Depository Trust Co., 88 F.Supp.2d 59, 61 (E.D.N.Y.2000); Butler v. McCarty, 740 N.Y.S.2d 801, 808, 191 Misc.2d 318, 327 (2002); Stafford v. Meek, 762 So.2d 925, 926 (Fla.App. 2000). The Union Defendants are entitled to summary judgment as to the First Count.

4

The Union Defendants are also entitled to summary judgment as to Count Two. In Plaintiff's Memorandum, the Plaintiff states: "Substantive due process is designed to protect against *government actions* that are 'arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against *government action* that is incorrect or ill-advised.' Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir.1995)." [Emphasis added] Plaintiff's Memorandum at p. 24. Defendants Paradis and Clark were merely Union presidents within the span of time that the Plaintiff worked for the Water Pollution Control. They were not government officers or acting under color of law. Additionally, as a matter of law, the Plaintiff cannot recover damages against the Union Defendants as individuals where the allegations focus on their conduct as union president. Morris v. Local 819, 169 F.3d 782 (2d Cir.1999); Covello v. Depository Trust Co., 88 F.Supp.2d 59, 61 (E.D.N.Y.2000); Butler v. McCarty, 740 N.Y.S.2d 801, 808, 191 Misc.2d 318, 327 (2002); Stafford v. Meek, 762 So.2d 925, 926 (Fla.App. 2000). Therefore, summary judgment as to Count Two is proper.

Summary Judgment as to Count Eight is also proper. The Plaintiff states: "Evidence supports the finding that the Defendants intentionally inflicted emotional harm on Mallett." Plaintiff's Memorandum at p. 30. However, the Plaintiff has presented abosolutely no evidence that the Union Defendants intentionally inflicted emotional harm on the Plaintiff. The Plaintiff cannot defeat a motion for summary judgment by relying the allegations in his pleadings, or on conclusory statements." Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996).

The only instances of alleged conduct relating to the Union Defendants are the following:

5

1) Defendant Paradis was aware that Becker posted harassing messages on the Water Pollution Control bulletin Board and failed to take action. Plaintiff's Complaint, ¶ 33.

2) Defendant Paradis was aware of Kaine's use of the town's property as a health spa and fitness center and failed to take action. Plaintiff's Complaint, ¶34.

3) Defendant Paradis was aware that Kaine was raising and keeping a pit bull at the Water Pollution Control and failed to take action. Plaintiff's Complaint, ¶ 34.

Such allegations and conduct are insufficient to constitute extreme or outrageous conduct beyond all possible bounds of decency. "Conduct that is merely insulting, that reflects bad taste or judgment, or that results in hurt feeling is not enough to maintain a cause of action for intentional infliction of emotional distress." Martin v. Citibank, N.A., 762 F.2d 212, 220 (2nd Cir. 1985); DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991).

Additionally, the Plaintiff cannot recover damages against the Union Defendants as individuals where the allegations focus on their conduct as union president. Morris v. Local 819, 169 F.3d 782 (2d Cir.1999); Covello v. Depository Trust Co., 88 F.Supp.2d 59, 61 (E.D.N.Y.2000); Butler v. McCarty, 740 N.Y.S.2d 801, 808, 191 Misc.2d 318, 327 (2002); Stafford v. Meek, 762 So.2d 925, 926 (Fla.App. 2000). Therefore, summary judgment as to Count Eight is proper.

## II.  CONCLUSION

For the reasons stated above and in the Union Defendants' prior memorandum of law in support of their motion for summary judgment, Butch Paradis, Steven Clark and

6

AFSCME Council 4, Local 1303-56 respectfully request that the court grant their motion for summary judgment.

                Respectfully submitted,
DEFENDANTS, BUTCH
PARADIS, STEVEN CLARK and
AFSCME,
LOCAL 1303-56


By _____
J. William Gagne, Jr.
Law Office of J. William Gagne Jr.
       & Associates, P.C.
970 Farmington Avenue, Suite 207
West Hartford, CT 06107
Telephone: (860) 522-5049
Facsimile: (860) 561-6204
Fed. Bar No. ct02126
Email: jwgagne@snet.net

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on December 15, 2004, to all counsel and pro se parties of record, as set forth below:

Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

Dennis G. Ciccarillo, Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950

Michael J. Rose, Esq.
Alexandria Voccio, Esq.
Howd & Ludorf
65 Wethersfield, Avenue
Hartford, CT 06114

_____
J. William Gagne, Jr.