UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD MALLETT,<br>PLAINTIFF<br>VS.<br><br>TOWN OF PLAINVILLE, ET AL<br>DEFENDANTS | CIVIL ACTION NO.<br>3:01-CV-1137 (AHN)<br><br><br>MAY 26, 2005 |

### DEFENDANTS, BUTCH PARADIS, STEVEN CLARK AND AFSCME LOCAL 1303-56'S REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

Defendants, Butch Paradis, Steven Clark and the American Federation of State, County and Municipal Employees, Local 1303-56 [hereinafter "Union Defendants"], hereby reply to the Plaintiffs Supplemental Memorandum in Opposition to Defendants' Motions for Summary Judgment filed on or about May 18, 2005. The Plaintiff, in his original objection to Defendants' Motions for Summary Judgment withdrew his claims set forth in Counts Five, Six and Seven, for Assault and Threatening against all Defendants. *See* Plaintiffs Memorandum in Opposition to Motion for Summary Judgment at p. 1. The only claims now remaining against the above listed Union Defendants are Counts One, Two, Four and Eight of the Plaintiffs Complaint dated June 19, 2001.    I.    **REPLY**

The Plaintiffs Supplemental Memorandum filed on or about May 18, 2005 supplements the Plaintiffs objection with respect to Count Eight, a claim of Intentional Infliction of Emotional Distress as to all Defendants. As in the Plaintiffs original Memorandum in Opposition to Defendants' Motion to Summary Judgment, the Plaintiff

failed to raise or identify any genuine issue as to a material fact in dispute that would defeat summary judgment against him and require a trial. *See* Union Defendants' Reply in support of Motion for Summary Judgment filed December 16, 2004.

In opposing a motion for summary judgment, the non-moving party may not rely on mere allegations, legal conclusions, unsupported statements or a denial of the pleadings. Celotex Corp v. Catrett. 477 U.S. 317. 327 (1986). The adverse party's response must set forth, by affidavit or otherwise, specific facts. Fed.R.Civ.P. 56(e). In order to defeat a motion for summary judgment, the non-moving party must present contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986).

Summary Judgment as to Count Eight and the Union Defendants is proper. Again, in the Plaintiffs Supplemental Memorandum, he has not set forth any specific facts as to emotional distress caused by the Union Defendants. The Plaintiffs Memorandum has not identified or discussed any genuine factual issue.

The Plaintiff has simply reworded the conclusory allegations set forth in his complaint. The record is clear. In his deposition on July 20, 2004, the Plaintiff testified that he does not even recall any of the specifics as to what the union failed to do.

Summary Judgment as to Count Eight is proper. In Plaintiffs original Memorandum in Opposition to Defendants' Motion for Summary Judgment, the Plaintiff states: "Evidence supports the finding that the Defendants intentionally inflicted emotional harm on Mallett." Plaintiffs Memorandum at p. 30. However, the Plaintiff presented absolutely no evidence that the Union Defendants intentionally inflicted emotional harm on the Plaintiff. Now, the Plaintiff files a Supplemental Memorandum in

Opposition to Defendants' Motion for Summary Judgment. The memorandum supplements the Plaintiffs response as to Count Eight. Again, the Plaintiff presents absolutely no evidence that the Union Defendants intentionally inflicted emotional harm on the Plaintiff. The Plaintiff cannot defeat a motion for summary judgment by relying on the allegations in his pleadings, or on conclusory statements." Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996).

First, Count Eight of the Plaintiffs Complaint only makes bare conclusory allegations without any specific reference to the Union Defendants. The Plaintiff, in Count Eight, fflf 80-83, only states:

> 80. The individual Defendants, each and all of them, intended to inflict severe emotional distress upon the Plaintiff, and knew or should have known at all times that their acts and/or omissions as alleged herein would result in severe emotional distress to the Plaintiff.
>
> 81. The acts and/or omissions of the individual Defendants, each and all of them, were extreme and outrageous.
>
> 82. As a direct and proximate result of said acts and/or omissions, the Plaintiff suffered severe emotional distress.
>
> 83. The Plaintiff claims damages.

Second, the only instances of alleged conduct relating to the Union Defendants throughout the whole complaint are the following:

1) Defendant Paradis was aware that Becker posted harassing messages on the Water Pollution Control bulletin Board and failed to take action. Plaintiffs Complaint, U 33.

2) Defendant Paradis was aware of Kaine's use of the town's property as a health spa and fitness center and failed to take action. Plaintiffs Complaint,

> 3) Defendant Paradis was aware that Kaine was raising and keeping a pit bull at the Water Pollution Control and failed to take action. Plaintiffs Complaint, 134.

Such allegations of "inaction" are insufficient to constitute extreme or outrageous conduct beyond all possible bounds of decency. "[Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts §46, cmt. D (1965); "Conduct that is merely insulting, that reflects bad taste or judgment, or that results in hurt feeling is not enough to maintain a cause of action for intentional infliction of emotional distress." Martin v. Citibank, N.A., 762 F.2d 212, 220 (2nd Cir. 1985); DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991).

It should also be noted that the Plaintiff does not specifically state in what way he has suffered the alleged "intentional infliction of emotional distress." He simply alleges that the Defendants collectively intended to harm him. He does not assert any specific acts of conduct by the Union Defendants causing him emotional distress. The Plaintiff simply asserts that they failed to take action on his behalf.

The Union Defendants contend that the Plaintiff, in an effort to maximize his recovery, simply threw the Union Defendants in with the other Defendants in his claim for emotional distress. In his Complaint and throughout his deposition testimony, the Plaintiff has not alleged any extreme or outrageous conduct by Union Defendants, Butch Paradis, Steven Clark or AFSCME, Council 4, Local 1303-56. As a matter of law, this

Court cannot hold the Union Defendants liable for intentional infliction of emotional distress.

Additionally, the law is well settled that the Plaintiff cannot recover damages against the Union Defendants as individuals where the allegations focus on their conduct as union president. Morris v. Local 819. 169 F.3d 782 (2d Cir.1999); Covello v. Depository Trust Co.. 88 F.Supp.2d 59, 61 (E.D.N.Y.2000); Butler v. McCartv. 740 N.Y.S.2d 801, 808, 191 Misc.2d 318, 327 (2002); Stafford v. Meek. 762 So.2d 925, 926 (Fla.App. 2000). Therefore, the Court must grant Summary Judgment as to Count Eight in favor of the Union Defendants. **II.    CONCLUSION**

For the reasons stated above, and in the Union Defendants' prior Memorandum of Law in support of their Motion for Summary Judgment and in their prior Reply in favor of their Motion for Summary Judgment, Butch Paradis, Steven Clark and AFSCME Council 4, Local 1303-56 respectfully request that the Court grant their Motion for Summary Judgment.

> Respectfully submitted,
> DEFENDANTS, BUTCH PARADIS,
> STEVEN CLARK and AFSCME,
> LOCAL 1303-56
>
> By .
>
> *J*. William Gagne, Jr. Law Office of J. William Gagne Jr.
>   & Associates, P.C. 970 Farmington Avenue, Suite 207 West Hartford, CT 06 107 Telephone: (860)522-5049 Facsimile: (860)561-6204 Fed. Bar No. ct02126 Email: jwgagne@snet.net